### 35539. PRESSLEY *v.* THE STATE.

GARDNER, P. J. The defendant was convicted of hog stealing. He filed his motion for new trial on the general grounds and thereafter added one special ground. The court denied the amended motion, and the defendant assigns error here. Since we think the case should be reversed on the special ground, we will not deal with the general grounds, as the case may be tried again.

The defendants Howell Pressley, Edward Pressley, Fred Pressley, and Homer Pressley were indicted jointly. The special ground is to the effect that the following material evidence was illegally admitted by the court, over objection of the movant: Richard Brooks, the prosecutor, while on the stand under direct examination testified as follows: "Q. When did you get back home? A. I got back about 4:00. When I got back I went around there to see—I knowed they was accused of doing things like that—. Mr. Weldon: Now, just a minute. If it please the Court now, I object to him going into anything like that. The Witness: I don't know—. Mr. Weldon: If the Court please, I make a motion for a mistrial on the ground that this boy is attempting to prejudice the minds of the jurors by making these accusations against these fellows, that has nothing to do with this case and I feel those remarks are prejudicial and I move for a mistrial. The Court: Overrule the motion."

The movant objected to the evidence, as soon as and at the time it was

694

offered, on the ground that the defendant had not placed his general character in issue, and that the State was placing the character of the defendant in issue when it had no grounds to do so; and on the further ground that it was placed into evidence to prejudice the minds of the jury; and on the further ground that it was ground for a mistrial, in that the State was making accusations against this defendant other than in the case on trial by attempting to prejudice, and according to the verdict it did prejudice, the minds of the jurors into believing that the defendant was a known thief and had committed other larcenies in the past. "(a) The opposing party offered the evidence objected to. (b) The court overruled the objection and admitted the evidence. (c) That the evidence was material, prejudicial and hurtful to the movant for the following reasons: (1) That the defendant did not place his character in issue. (2) That it was a State witness who made hurtful and prejudicial remarks which placed the defendant's character in issue by accusing defendant of other acts of larceny. (3) That it was impossible to get a fair trial after the witness for the State had been allowed to make such harmful, hurtful and prejudicial remarks."

In our opinion the evidence objected to was inadmissible, and in effect it charged the defendant, who was on trial with the others mentioned in the indictment, with being hog thieves, according to their general reputation. This could have had no other effect than to state that the defendants had the reputation of stealing hogs.

The court overruled the objections of counsel for the defendant and overruled the motion for a mistrial without any further comment whatsoever regarding the incident. Counsel for the State calls our attention to the following cases as sustaining the State's position: *Bowens* v. *State,* 106 *Ga.* 760 (6) (32 S. E. 666); *Smith* v. *State,* 148 *Ga.* 467 (2) (96 S. E. 1042); *Tiller* v. *State,* 196 *Ga.* 508 (3) (26 S. E. 2d 883). Those cases are not applicable to the facts of the instant case. See, in this connection, Code § 38-202 and particularly the annotations in the supplement to the same Code section under the heading, "Independent Crimes." Under the facts of this case, the court erred in overruling the special ground.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*

DECIDED MARCH 18, 1955.

James E. *Weldon,* for plaintiff in error.
*Wright Lipford, Solicitor-General,* contra.