## 39067. SUTTON v. THE STATE.

TOWNSEND, Presiding Judge. 1. "To sustain a conviction for a felony, the testimony corroborating that of the accomplice must be sufficient to connect the defendant with the perpetration of the crime and tend to show his participation therein. *King v. State,* 77 Ga. App. 539 (49 SE2d 196); *Crowe v. State,* 83 Ga. App. 325 (63 SE2d 682)." *McPherson v. State,* 96 Ga. App. 839 (101 SE2d 750); *Smith v. State,* 7 Ga. App. 781 (68 SE 335); *Burge v. State,* 103 Ga. App. 682 (2) (120 SE2d 200). Every act connected with the offense for which the defendant was on trial on a charge of procuring goods by means of false identification and fictitious checks was committed by the codefendant out of the defendant's presence, and nothing corroborates the codefendant's testimony that the defendant in fact devised the fraudulent scheme and helped her prepare the false identification. There is accordingly no evidence independent of the codefendant's testimony tending to show that the accused conspired with her to commit the acts in question. The fact that she was driven to Gainesville in his automobile, and the fact that the discarded scraps of driver's license, along with a picture of her son, were found under the floor mat in the automobile where she had been riding, are not sufficient to incriminate the defendant when it is equally likely that they were prepared and secreted in the car by the codefendant without his knowledge. Since the defendant was not present at the commission of any of the crimes charged, and can be convicted only on the theory that he counseled and abetted, there must be some evidence, direct or circumstantial, aliunde that of the accomplice, to connect him with the conspiracy. In *Allen v. State,* 215 Ga. 455 (2) (111 SE2d 70), such evidence was held insufficient, although it showed the defendant and the witness together shortly before and shortly after the crime, as does this evidence, and also showed that he knew the witness by another name, as does this evidence. The court there said: "While this evidence might be sufficient to cast on the defendant a suspicion of guilt, it is insufficient, aside from the testimony of the joint defendant, to connect the defendant Allen *directly* with the *crime,* or to lead to the *inference that he is guilty.*" (Emphasis added).

Only two things could possibly connect the defendant with any part of this transaction; his automobile, and his admissions. The fact that he drove a passenger to another city where she committed an offense in which he was in no way involved does not incriminate. The fact that a photograph belonging to her was concealed in the automobile together with documents used in preparation for the offense in no way connects him where there is no evidence of his knowledge that these items had been pushed under the floorboard. His admissions were (1) to the effect that he knew she used the name of Lois Glass, but the testimony does not even show, aliunde that of the alleged accomplice, that he knew this was not her right name; (2) that he knew she was going to make a bank deposit and imagined she would write some checks, and (3) that he must have presumed she made some purchases because the packages were in the automobile. These are all innocent acts normally carried on by people generally, and there is not a single hint in the admissions that the defendant knew the bank deposit slip would be altered or that the checks would be bad checks or that the purchases would not be paid for. Nothing connects this defendant *directly* with the crime, and nothing leads to an inference of his guilt, except the alleged accomplice's statement. This may be easily tested by eliminating the testimony of the accomplice in reading the brief of evidence, and the reader will not even find a suggestion that the defendant was connected with her acts of defrauding the stores where she made her purchases. It only needs to be added that he received no money from these acts, and that none of the purchases were items which the defendant, a man, would normally use.

2. Special grounds of a motion for a new trial which assign error on the verdict as being contrary to law and the principles of equity and justice, and without evidence to support it "in that" certain things occurred which might have been made the basis of a special assignment of error are in fact no more than an amplification of the general grounds, and will be considered as raising no question other than whether or not the verdict is supported by evidence. *Ward v. Nance*, 102 Ga. App. 201 (9) (115 SE2d 781).

The trial court erred in overruling the motion for a new trial.

*Judgment reversed. Frankum and Jordan, JJ., concur.*

DECIDED SEPTEMBER 29, 1961.

*George Mitchell, Dan C. Mitchell,* for plaintiff in error.
*Jeff C. Wayne, Solicitor-General, Sidney O. Smith, Jr.,* contra.