## 42842. HYATT v. THE STATE.

BELL, Presiding Judge. In appealing his conviction and sentence for larceny of an automobile, the defendant rests his case on the single contention that the State introduced his character in issue when he had not.

The defendant, in open court electing to be sworn as a witness against advice of his counsel, on direct examination testified that "This is the second time I ever sat in one of these chairs. . . . I have kept my record clean . . . I have drank a little, don't have no bad record. . . It has been a year since I have been in anything drunk and disorderly."

On cross examination the State questioned the defendant about numerous incidents as to whether the defendant had on those occasions "sat in that chair." Some of these queries were objected to, but most were not. No evidentiary issue on the admissibility of any of the queries is before us except as collectively they play upon the character of the defendant. *Held:*

The quoted testimony of the defendant effectively placed his character in issue. *Clark v. State,* 52 Ga. App. 254 (183 SE

92). "While the prisoner alone can put his general character in issue in any criminal case, yet he can do so as effectively by his statement to the court and jury as by sworn testimony introduced in his behalf." *Barnes v. State,* 24 Ga. App. 372 (3) (100 SE. 788). "Where the defendant in a criminal case exercises his right of making a statement not under oath, such statement may be contradicted by testimony as to the facts which it narrates." *Morris v. State,* 177 Ga. 106, 115 (169 SE. 495).

*Judgment affirmed. Pannell and Joslin, JJ., concur.*

SUBMITTED JUNE 12, 1967—DECIDED JUNE 14, 1967.

*John McGuigan,* for appellant.

*Lewis R. Slaton, Solicitor General, J. Walter LeCraw, Paul Ginsberg, Amber W. Anderson,* for appellee.