## 48088. JONES v. THE STATE.

STOLZ, Judge. Defendant appeals his conviction of "theft by taking" of a Honda motorcycle. *Held:*

1. The trial judge did not commit reversible error in failing to grant the defendant's motion for mistrial based on the hearsay statements of the State's witness, Boggs. While the witness sought to voluntarily inject hearsay into his testimony and he was admonished not to do so by the district attorney, the defendant's objection to the hearsay was sustained. The witness was thereafter instructed by the judge to refrain from making hearsay statements. Thereafter, the district attorney asked the question, "Who had possession of that motorcycle?" The witness, Boggs, replied, "they told me Bartow Jones . . ." Whereupon, defense counsel objected on the ground of hearsay. At this point the judge told the witness: "The person that told you that or if you know of anybody that will swear that this man had possession of this motorcycle, that person ought to be brought down here to testify." Defense counsel then moved for a mistrial. The judge overruled the motion, but cautioned the witness not to say or

repeat what somebody told him.

The trial court has a broad discretion in passing on motions for mistrial, and its ruling will not be disturbed by the appellate court unless it appears that there has been a manifest abuse of discretion and that a mistrial is essential to the preservation of the right of a fair trial. *Yellow Cab Co. v. McCullers,* 98 Ga. App. 601, 606 (106 SE2d 535); *Royal Crown Bottling Co. v. Bell,* 100 Ga. App. 438, 442 (111 SE2d 734). While the above cases were concerned with improper statements by counsel, the rule is nonetheless applicable in the instant case. The appellant's first enumerated error is without merit.

2. There was no error in the trial judge's allowing state's witness, Charles Stancil, a 10-year-old boy, to testify after the witness had invoked the Fifth Amendment. This complaint is utterly without merit. "A person shall not be considered or found guilty of a crime unless he has attained the age of 13 years at the time of the act, omission or negligence constituting the crime." Code Ann. § 26-701 (Ga. L. 1968, pp. 1249, 1270). Obviously, if the young witness was exempt from criminal prosecution by virtue of his age, the protection afforded by the Fifth Amendment against self-incrimination is unnecessary.

3. The defendant next contends that his arrest was illegal in that he was not advised of his constitutional rights when first arrested. The record shows that the deputy sheriff went to the fairgrounds and saw the stolen motorcycle parked with two other motorcycles. Thereafter, the deputy went into the fairgrounds looking for the defendant, found him, and asked him to come outside. The record shows that at this time the deputy considered the defendant to be under arrest. When the deputy and the defendant reached the point where the motorcycles were parked, the deputy advised the defendant of his constitutional rights. No

statements or actions were made or undertaken by the defendant prior to his being advised of his rights. Miranda v. Arizona, 346 U. S. 436 (86 SC 1602, 16 LE2d 694), requires that a person be advised of his constitutional rights once the investigation reaches a critical stage. Certainly, a person's arrest is such a critical stage. However, in order to void the arrest and conviction, there must be some evidence that the defendant was harmed by the omission. Here, none is shown. The defendant was asked to come outside with the deputy. He was not questioned while walking. The defendant made no incriminating statements or admissions or performed any act that was against his interest prior to reaching the site where the stolen motorcycle was parked. The record shows that, upon reaching this place, the officer confirmed, through police information service known as NCIC, that the motorcycle in question was stolen and then immediately advised the defendant of his constitutional rights. The trial judge did not err in failing to grant a directed verdict for the defendant.

*Judgment affirmed. Eberhardt, P. J., and Pannell, J., concur.*

SUBMITTED APRIL 10, 1973 — DECIDED APRIL 24, 1973.

*Sullivan & Hawkins, Ashley Hawkins,* for appellant. *Edward E. McGarity, District Attorney,* for appellee.