## 50605. ASKEW v. THE STATE.
## 50732. HAMMETT v. THE STATE.

QUILLIAN, Judge.

Defendants were jointly indicted and tried for the murder of Bertha Mae Goode. Their motions for a severance were overruled. The jury found both defendants guilty of voluntary manslaughter. Defendant Askew testified that he was drunk and did not remember the incident. Defendant Hammett then took the stand and testified that Askew shot the deceased. After completion of his direct testimony, the district attorney cross examined Hammett as follows:

"A... I'll swear on the Bible that I didn't kill her, but I'll swear on the Bible that he did. Q. Do you think anybody would pay any attention to you? A. Well, they been, I've been right so far. Q. Have you? A. Right. Q. What do you mean, you've been right so far? All of your life you've been a good boy? A. I try to be a good boy. I ain't been nothing but a hard worker. That's all. Q. You ain't been nothing but a hard worker? A. That's right. All of my life. Q. You never did mistreat nobody? A. No sir."

Upon objection by counsel for Hammett the district attorney said he would not pursue the matter but counsel

for Askew contended that Hammett's character had been placed in evidence and offered an indictment for murder and a conviction for voluntary manslaughter in which Hammett had entered a plea of guilty. The court admitted the evidence of the prior conviction. Appellant Hammett appeals, contending that his character was improperly placed in issue, the prior conviction should not have been admitted, and the additional evidence denied him the right to opening and closing argument. The defendant Askew appeals on the ground that there is insufficient corroboration of the statement of his co-defendant. *Held:*

1. The general character of the defendant is irrelevant and inadmissible unless he chooses to put it in issue. *Walker v. State*, 86 Ga. App. 875, 877 (1) (72 SE2d 774); Code § 38-202. It is the option of the defendant alone whether or not to place his general character in issue. *Barnes v. State*, 24 Ga. App. 372 (3) (100 SE 788); *Hyatt v. State*, 116 Ga. App. 18, 19 (156 SE2d 147); *Bacon v. State*, 209 Ga. 261, 262 (71 SE2d 615). In the instant case the state elicited the answers from defendant on cross examination that precipitated this issue, the ruling of the judge, and the introduction of the prior conviction for manslaughter. It is unnecessary to determine whether the answers elicited by the state placed defendant's character in issue because the judge held that they did and permitted the introduction of the impeaching evidence. It is necessary only that we find that the defendant did not place his character in issue. It was the state that insisted upon a joint trial, and it was the state that opened the door on cross examination, and they cannot complain if the co-defendant walked through. Introduction of such damaging evidence requires reversal as to the defendant Hammett. *Pressley v. State,* 91 Ga. App. 693 (86 SE2d 655); *Bacon v. State,* 209 Ga. 261, 264, supra.

2. Appellant Askew asserts that the court erred in denying his motion for a new trial on the ground that the testimony of the alleged accomplice, Clarence Hammett, was not supported by sufficient corroborating evidence. We agree. These co-defendants were jointly indicted, tried and convicted. The state contended, and apparently proved to the satisfaction of the trial court and jury, that

they were jointly liable for the death of the deceased. Thus, although defendant Hammett provided the only evidence of events surrounding the actual death of the deceased, and denied that he took any part in the planning or infliction of the mortal wound, the state's indictment, trial and conviction of both accused as joint participants necessitates this court's application of the rule that to sustain a conviction for a felony, the testimony corroborating that of the accomplice must be sufficient to connect the defendant with the perpetration of the crime and tend to show his participation therein. *McPherson v. State,* 96 Ga. App. 839 (1) (101 SE2d 750); *Sutton v. State,* 104 Ga. App. 552 (1) (122 SE2d 303). Facts which merely cause a grave suspicion of guilt are not sufficient. *Dennis v. State,* 201 Ga. 53, 56 (38 SE2d 832). The evidence of the state, aliunde that of co-defendant Hammett, shows nothing more than defendant Askew was seen in the company of the deceased and Hammett earlier that evening and there was a slight altercation between the deceased and Askew.

Our appellate courts have repeatedly held: ". . . to sustain a conviction . . . upon the testimony of an accomplice, there must be corroborating facts or circumstances, which, in themselves and independently of the testimony of an accomplice, directly connect the defendant with the crime, or lead to the inference that he is guilty, and more than sufficient to merely cast on the defendant a grave suspicion of guilt." *Price v. State,* 208 Ga. 695, 696 (3a) (69 SE2d 253). *Slocum v. State,* 230 Ga. 762, 764 (199 SE2d 202). In a case similar in circumstances to the one before us, *Allen v. State,* 215 Ga. 455 (111 SE2d 70), the defendants, Allen and Rothschild, planned a robbery but Rothschild's car would not start and the police called Allen to start the car. After the robbery and a murder occurring during the robbery, Allen and Rothschild were stopped by the sheriff at a roadblock. Both occurrences were established by testimony of police officers. Another witness testified he had carried messages between the defendants after the murder that "it was too hot in this part of the country" and that "he could not come back right away." The court held that "[w]hile this evidence might be sufficient to cast on the

defendant a suspicion of guilt, it is insufficient, aside from the testimony of a joint defendant, to connect the defendant Allen directly with the crime, or lead to the inference that he is guilty." Id., p. 459. Applying the rule of these cited cases to the facts of this case, we must conclude that there is insufficient corroboration, aside from the testimony of the joint defendant, to connect Askew to the actual commission of the offense charged. It was therefore error to overrule the motion for a new trial.

3. The remaining enumerations of error do not require discussion as they are either moot, without merit, or are unlikely to occur on a new trial.

*Judgments reversed. Pannell, P. J., and Clark, J., concur.*

SUBMITTED MAY 7, 1975 — DECIDED JUNE 9, 1975.

*Trotter & Zachary, Alfred W. Zachary,* for Askew.
*Ken Gordon,* for Hammett.
*E. W. Fleming, District Attorney, Robert H. Sullivan, Assistant District Attorney,* for appellee.