54908. SECRIST v. THE STATE.

BELL, Chief Judge.

Defendant was convicted of theft by taking or shoplifting in violation of Code § 26-1802 (b) (1). The accusation charged that defendant did unlawfully remove from a named mercantile establishment, a leather wallet, a pair of leather earrings and a choker collar "with intent to appropriate the said merchandise, to his, the Defendant's own use and to deprive the said owner of possession thereof, . . ." Evidence was admitted establishing that defendant was left in charge of a leather goods store by the owner for a short period. In further support of its case, the state caused the admission of an

out-of-court statement of defendant which read in part "I did take a pair of leather earrings and a wallet from the shop. *I was going to let Irvin take their cost from my earnings.* I also took a three dollar necklace from the shop." The court charged the jury on the law of confessions. It is argued that this was reversible error as the pre-trial statement was at most an admission. Where a defendant has made only an incriminating statement and not a confession, it is reversible error to charge the law of confession. *Pressley v. State,* 201 Ga. 267, 272 (39 SE2d 478). An admission of the main fact, from which the essential elements of the criminal act charged may be inferred, amounts to a confession of the crime itself. *Owens v. State,* 120 Ga. 296, 299 (48 SE 21). But if the main fact is admitted with a qualifying exclusion of a necessary ingredient of the crime charged, the crime has not been confessed. *Owens v. State,* supra. The defendant argues that the above underscored portion of his statement denies an intention to deprive the owner of the value of the goods, an essential element of the crime charged. Therefore his statement was not a confession. The crime of theft by taking or shoplifting under Code § 26-1802 (b) (1) provides that this crime is committed when there is a removal of merchandise from a mercantile establishment where merchandise is displayed for sale with "the intent of appropriating merchandise to his own use *or* to deprive the owner of possession thereof *or* of the value thereof, in whole or in part, . . ." (Emphasis supplied.) While defendant's emphasized part of the statement does reveal the lack of an intention to deprive owner of the value of the goods taken, he was not charged with the taking of these items with that specific intent. This crime by statutory definition can be committed by removal coupled with any one of the three described states of mind or specific intents. Defendant admitted all the elements of the crime charged for from the main fact of the removal of goods from the store it can be inferred that he intended to appropriate the merchandise to his own use as well as intending to deprive the owner of its possession. Applying the rules of *Owens v. State,* supra, the defendant's statement amounts to a complete admission of the crime alleged in the accusation. Whether he

intended to pay for them is a matter not material to his guilt or innocence as the accusation did not allege an intention to deprive the owner of the value of the goods. There was no error.

*Judgment affirmed. Quillian, P. J., Webb, McMurray, Shulman, Banke and Birdsong, JJ., concur. Deen, P. J., and Smith, J., dissent.*

SUBMITTED NOVEMBER 1, 1977 — DECIDED FEBRUARY 22, 1978 — REHEARING DENIED MARCH 21, 1978 — CERT. APPLIED FOR.

*Jack H. Affleck,* for appellant.
*Ken Stula, Solicitor,* for appellee.

SMITH, Judge, dissenting.

The rule prohibiting a court from charging on confessions where there has been no more than an admission is based on the most fundamental policy of avoiding any inference from the court that the defendant has acknowledged his guilt unless he has, in fact, done so. *Covington v. State,* 79 Ga. 687 (7 SE 153) (1887). "To say to the jury that the defendant had confessed to a crime, when the language relied upon was a protestation of innocence, could have no other but the most harmful effect." *Owens v. State,* 120 Ga. 296, 300 (48 SE 21) (1904).

I fully agree that an admission of the main fact may support an inference of remaining elements in order to qualify the admission as a confession. Likewise, I agree that an admission of the main fact coupled with denial of any other essential element will not constitute a confession. However, I cannot agree that the defendant's assertion here, that he intended to pay for the goods via earnings deductions, failed to deny an essential element of the crime of theft by taking. The majority has looked to Code § 26-1802 (b)(1), and to the wording of the accusation, in order to conclude that the defendant did not deny a necessary element of the crime since the Code states alternative intents which may accompany the act of taking: "the intent of appropriating merchandise to his own use or to deprive the owner of possession thereof or of the value thereof, in whole or in part." In the majority's

view, only the last element of intent was negated by the defendant's admission; therefore, the first two must be inferred in order to make out admission of the completed crime, hence, a confession.

As far as it goes, I believe the majority's reasoning is correct. However, Code § 26-1802, theft by taking, must be read in conjunction with Code § 26-1810, claim of right. The latter section provides a defendant charged with theft by taking an affirmative defense if he "[a]cted under an honest claim of right to the property or under a right to acquire or dispose of it as he did." Code § 26-1810 (b). The defendant's statement very plainly asserts that he thought he had a right to acquire the property as he did, with the shop owner thereafter deducting its value from the defendant's pay. An admission which also states an affirmative defense is not a confession of guilt, for "[a] confession is a statement inconsistent with the possibility of the accused's innocence of the crime charged." *Davis v. State,* 234 Ga. 730 (7) (218 SE2d 20) (1975).

Whether the defendant's explanation is plausible under all the facts of the case is a question for the jury. However, he is entitled to have the jury consider this question without first being charged on the law relative to confessions. I would reverse the judgment and grant the defendant a new trial inasmuch as it was error for the judge to charge on confession as there was no confession involved, only an admission coupled with an affirmative defense.

I am authorized to state that Presiding Judge Deen joins in this dissent.