## 55954. KEY v. THE STATE.

BELL, Chief Judge.

Defendant was convicted of armed robbery and robbery by intimidation. *Held:*

1. Defendant's request for a preliminary hearing was denied. The denial of a commitment or preliminary hearing will in no event be cause for reversal of a conviction. *State v. Middlebrooks,* 236 Ga. 52, 54 (222 SE 2d 343).

2. On August 5, 1977, defendant appeared before the trial court and was furnished a copy of the indictment and list of witnesses. At this time he declined to have counsel appointed and advised that he would obtain an attorney, which he did on October 4, 1977. On October 6, 1977, at the arraignment defendant's counsel requested a continuance to prepare the defense. The court granted a week's continuance. At this time also, the state furnished the defendant with a copy of its entire file. The granting of a continuance is within the sound discretion of the trial judge and will not be disturbed absent an abuse of discretion. *Reid v. State,* 129 Ga. App. 41 (1) (198 SE2d 358). The defendant states that the failure to grant him more than a week was an abuse of discretion. Under these facts, no abuse of discretion has been shown.

3. Defendant claims error because the trial court did not instruct the jury to disregard testimony as to the absence of fingerprints on a car found abandoned about two and a half miles from the site of the robbery. A detective testified that attempts were unsuccessful to lift fingerprints from the crime scene as well as on this abandoned vehicle. He was then asked as to the percentage of cases worked where latent fingerprints were not obtained and the defendant objected for lack of relevancy. Assuming that the ruling admitting this testimony was erroneous, no conceivable harm ensued as this testimony did not establish the commission of an independent crime nor connect the defendant with committing it. Later, another police officer testified without objection that this car was stolen. Absent an objection to this testimony, defendant will not be heard to complain on appeal. *Hughley v. State,* 144 Ga. App. 771 (1)

(242 SE2d 367).

4. The defendant claims that several interruptions by the trial court during his examination of witnesses showed that the judge was not impartial and thereby prejudiced him before the jury. We have examined the cited references and note that no objection or motion for mistrial was made as to any specific interruptions or as to the whole. The failure to object or to move for mistrial estops defendant from raising this issue on appeal. *State v. Griffin,* 240 Ga. 470 (241 SE2d 230).

5. A pre-indictment photographic lineup was used in this case. Defendant contends for the first time on appeal that the obtaining of his photograph by police was against his will and in violation of his Fourth Amendment rights. Assuming but not deciding that the taking of a photograph by police falls within the Fourth Amendment guarantee against unreasonable searches and seizures, the defendant made no objection on this ground by way of a pre-trial motion to suppress. Failure to move to suppress prior to trial amounts to a waiver. *Butler v. State,* 134 Ga. App. 131 (213 SE2d 490). Secondly, defendant argues that he was entitled to counsel at the photographic lineup. A defendant does not have the right to counsel at a pre-indictment lineup. *Wimberly v. State,* 233 Ga. 386 (211 SE2d 281).

6. The evidence revealed that defendant together with another individual entered a supermarket. Defendant robbed one cashier at gunpoint while his companion robbed another. After exhorting his companion to "come on" the appellant and his accomplice departed together. This evidence authorized the verdicts of guilty on both counts and it was not error to deny the motion for directed verdict of acquittal. This being the case, the failure to charge on parties to a crime under Code § 26-801 need not be considered. *Thadd v. State,* 231 Ga. 623 (203 SE2d 230). Further, defendant's failure to request or charge on parties to a crime and his failure to object to the court's omission to so charge is decisive against him. *Thomas v. State,* 234 Ga. 615 (216 SE2d 859).

7. Defendant was observed in handcuffs by one juror who had arrived early at the courthouse. On examination by the trial judge after verdict, the juror testified that this

did not have any influence on him in arriving at his verdict and he denied communicating his observation to the other jurors. The trial judge did not declare a mistrial. Disposition of a matter of this nature lies within the sound discretion of the trial court. *Howard v. State,* 144 Ga. App. 208, 212 (8) (240 SE2d 908); *Morris v. State,* 228 Ga. 39, 51 (18) (184 SE2d 82). No abuse of that discretion has been shown.

8. The remaining claims of error are all without merit and require no further consideration.

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

SUBMITTED MAY 22, 1978 — DECIDED JULY 3, 1978.

Robert P. Key, *pro se.*

*Bryant Huff, District Attorney, William P. Rowe, III, Dawson Jackson, Assistant District Attorneys,* for appellee.