## 57278. BROWN v. THE STATE.

UNDERWOOD, Judge.

Brown appeals his conviction of rape, enumerating eight alleged errors. Enumerations 1 and 2 are not supported by the evidence and are without merit.

Brown's third enumeration is that the trial court erred in sustaining repeated objections by the prosecuting attorney to questions by defense counsel relating to the general character of the complaining witness, in violation of Code Ann. § 38-1804. The cited Code section provides as follows: "A witness may be impeached by evidence as to his general bad character. The impeaching witness should be first asked as to his knowledge of the general character of the witness, and next as to what that character is, and lastly he may be asked if, from that character, he would believe him on his oath. The witness may be sustained by similar proof of character. The particular transactions, or the opinions of single individuals, shall not be inquired of on either side, except upon cross-examination in seeking for the extent and foundation of the witness' knowledge."

The defense counsel was permitted to elicit from a witness, Laverne Thompson, that she would not believe

the complaining witness under oath. She had previously testified that she had known the complaining witness for four years and lived in apartments directly behind her home. Thus, if there was any error, it was in favor of Brown, who was allowed to elicit the personal opinion of Thompson as to Davis' veracity. Further, there was ample testimony and evidence corroborating Davis' testimony. A police officer testified that on answering a rape call, he found Davis in a hysterical condition and crying; her face was swollen; there was a bite mark on her face and her nose was bleeding, her blouse, panties and slacks were torn (or cut); and there was blood on her slacks and blouse. She took the police officer to the scene where she pointed out tissues and debris from Brown's car, and identified those items in court. Under the circumstances, there is no merit in this enumeration of error. *Calfee v. Jones,* 54 Ga. App. 481, 486 (188 SE 307) (1936).

As to the industrial napkins admissibility in evidence complained of in Enumeration 4, they were identified specifically by Davis and it was not necessary to establish a chain of custody. Thus, Enumeration 4 is without merit.

Enumeration 5 contends that photographs of Davis taken after she had been treated medically were inadmissible because they were contrived and posed. However, this is mere speculation, as a female police officer testified she saw Davis at the hospital and she was upset and her face was bloody; also, her clothes were torn and bloody. The officer acknowledged that the pictures were made after Davis was treated, and there was no evidence to indicate that the pictures were not an accurate portrayal of Davis as she appeared at the time the photographs were made. There was nothing inflammatory about the photographs, and they have probative value as corroboration of Davis and the police officers who testified to her condition. Thus, the enumeration is without merit.

In his last enumeration of error Brown contends the trial judge erred in referring to Davis as the "victim," thus expressing the court's opinion as to what has or has not been proved, in violation of Code Ann. § 81-1104. However, the appellant made no objection to such

comments at trial, and he is therefore estopped from raising this issue on appeal. *Key v. State,* 146 Ga. App. 536 (4) (246 SE2d 723) (1978).

*Judgment affirmed. Banke, Acting P. J., and Carley, J., concur.*

ARGUED FEBRUARY 6, 1979 — DECIDED JUNE 13, 1979.

*Julia White, James Gutman,* for appellant.

*Lewis R. Slaton,* District Attorney, *Joseph J. Drolet, Richard E. Hicks,* Assistant District Attorneys, for appellee.