## 59451. SANFORD v. THE STATE.

BANKE, Judge.

Appellant was found guilty in 1968 of rape and was sentenced to be electrocuted. Subsequently, on motion for a new trial, the sentence was reduced to life imprisonment. This out-of-time appeal was allowed after appellant's writ of habeas corpus was filed in the superior court based on lack of assistance of counsel in that no appeal had been filed. Among others, appellant enumerates as error the failure of the trial court to declare a mistrial based on the improper closing argument of the solicitor to the jury. The appellant had, in his unsworn statement to the jury, stated that he had never been arrested before, or "accused of rape or nothing like that." In reference to this testimony, the solicitor argued to the jury, "[T]hey haven't produced a single witness to come up here and testify under oath that they know this defendant's character and that it is good. Why you heard the defense counsel even say that his mother was in the courtroom. I would expect she would say he had a good reputation. There is not one person who has ever heard of this boy that will come up here on the stand and tell you that he has got a good reputation, and I say it is because he doesn't have. He has got a bad reputation . . ." The trial court denied a motion for mistrial based on the quoted argument, and neither rebuked the solicitor nor instructed the jury to disregard the remarks. *Held:*

1. "Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and

prevent the same; and, on objection made, he shall also rebuke the counsel, and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in his discretion, he may order a mistrial if the plaintiff's attorney is the offender." Code Ann. § 81-1009.

It is our opinion that the remarks of the solicitor were improper and should have been stricken from the record with cautionary instructions to the jury since they were not based on evidence before the court. Accord, *Mitchum v. State,* 11 Ga. 615 (1852). However, "[t]he trial court has a broad discretion in passing on motions for mistrial, and its ruling will not be disturbed by the appellate court unless it appears that there has been a manifest abuse of discretion and that a mistrial is essential to the preservation of the right to a fair trial." *Jones v. State,* 128 Ga. App. 885, 886 (198 SE2d 336) (1973). What we must decide is whether the uncorrected argument of counsel in this case resulted in a miscarriage of justice. *Hall v. State,* 202 Ga. 619 (44 SE2d 234) (1947). The proper standard for such a determination is the " 'highly probable test,' i.e., that it is highly probable that the error did not contribute to the judgment." *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869) (1976). A complete examination of the record in this case shows that the evidence of the appellant's guilt was overwhelming. The victim and her companion were abducted at gunpoint by four men, after which she was repeatedly raped by the four as well as a number of other men in an abandoned house. The appellant was positively identified as a participant and ringleader by the victim and her companion. The fact that the victim was repeatedly raped during the hours she was held was corroborated by medical testimony. Testimony of other witnesses as to her physical appearance upon escaping her captors was consistent with her testimony and that of her companion concerning the ordeal. Two incriminating statements made by the appellant were properly admitted in evidence. In his statement to the jury, the appellant did not deny his participation in the crimes. After reviewing the evidence, we conclude that it is highly probable that the error did not contribute to the jury's verdict.

2. Appellant also claims error that the trial court

overruled his motion for mistrial in the presence of the jury. However, the appellant did not object to the trial court's comments at trial. He may not raise the issue for the first time on appeal. Accord, *Brown v. State,* 150 Ga. App. 289 (257 SE2d 359) (1979).

3. Appellant enumerates as error the trial court's charge that "[w]hether dependent upon positive or circumstantial evidence, the true question in criminal cases is not whether it be possible that the conclusion at which evidence points may be false, but whether there is sufficient evidence to satisfy the mind and conscience of the jury beyond a reasonable doubt." In a somewhat tortured argument appellant urges that this language suggests "to the jury two conflicting propositions . . . one that requires the evidence to speak the truth and one that allows the jury to arrive at a false conclusion so long as the evidence supports such false conclusion . . ." The language of the instruction is not reasonably susceptible of the meaning appellant suggests. Appellant refers us to no authority casting doubt on the propriety of the language quoted, and we are aware of none. The charge was proper, and the enumeration is meritless.

4. Next enumerated as error is the trial court's charge characterizing appellant's pretrial statements as confessions rather than admissions. "Where a defendant has made only an incriminating statement and not a confession, it is reversible error to charge the law of confession. *Pressley v. State,* 201 Ga. 267, 272 (39 SE2d 478). An admission of the main fact, from which the essential elements of the criminal act charged may be inferred, amounts to a confession of the crime itself. *Owens v. State,* 120 Ga. 296, 299 (48 SE 21)." *Secrist v. State,* 145 Ga. App. 391 (243 SE2d 599) (1978). In this regard the trial court here prefaced its charge with the words ". . . the state . . . contends that the defendant made a confession as to this crime." The statement, received in evidence after a Jackson v. Denno hearing, admitted the abduction of the victim and her companion; that the two were placed back in the car and taken to a house; that one of appellant's co-actors pulled his gun, and that they "took the man and lady in the house"; and they had intercourse with the victim. The statement contains nothing to

suggest excuse or justification. The true determinant of whether the defendant has made a confession or merely given a statement "is whether the statement is offered by the accused as exculpatory or inculpatory." *Robinson v. State,* 232 Ga. 123, 126 (205 SE2d 210) (1974). The statement in this case was a confession. Also see *Johnson v. State,* 242 Ga. 822 (251 SE2d 563) (1979).

5. Appellant's final enumeration of error complains of "the trial court's failure to charge the jury that before they could consider any statements . . . by . . . appellant's co-conspirators, regarding his guilt . . . they must first find that such statements are exceptions to the hearsay rule prohibiting same . . ." The evidence referred to was testimony given by a police officer on both direct and cross examination to explain why appellant made a second and more complete statement. It was shown that those under investigation had been confronted with the fact that each had implicated the other. The statements were not offered in evidence, and there was no objection to the testimony. Appellant offers no authority supporting his contention that a charge without request was required, and we are aware of none. And, "[a]bsent an objection to this testimony, defendant will not be heard to complain on appeal." *Key v. State,* 146 Ga. App. 536 (246 SE2d 723) (1978).

*Judgment affirmed. McMurray, P. J., concurs. Smith, J., concurs specially.*

SUBMITTED FEBRUARY 5, 1980 — DECIDED FEBRUARY 20, 1980.

*T. E. Spraley, John W. Johnson,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, Assistant District Attorneys,* for appellee.

SMITH, Judge, concurring specially.

I agree with the judgment in this case, however, I disagree with Division 1 of the opinion.

In my opinion, the statement by the appellant when he was on the stand giving the unsworn statement to the jury was enough to authorize the solicitor to argue as he

did to the jury. The appellant may place his character in issue in an unsworn statement as well as a sworn one. *Hyatt v. State,* 116 Ga. App. 18 (156 SE2d 147) (1967).