### 75148. LOUIS v. THE STATE.
(364 SE2d 607)

POPE, Judge.

Appellant, along with two co-defendants, was convicted of trafficking in cocaine and sentenced to a term of twenty-five years and a fine of $250,000. Appellant appeals, setting forth three enumerations of error.

1. After he was incarcerated appellant waived his right to remain silent and gave a statement to the authorities in which he admitted he had previously assisted the two co-defendants in selling cocaine but claimed that the cocaine found in his vehicle at the time of his arrest belonged to the co-defendants. Prior to trial, the court ruled that this statement would be excluded from evidence. Nevertheless, at trial, counsel for one of the co-defendants posed a question to the arresting officer which referred to this excluded statement. Counsel for co-defendant asked: "[D]id anyone in that van at any time admit that it was or accuse anybody else of owning that cocaine, admit it was theirs or accuse anybody else?" The officer answered in the af-

firmative but did not identify which of the three defendants made such a statement. In the presence of the jury, appellant's counsel objected to said line of questioning. Pursuant to a discussion outside the presence of the jury, the trial court ruled that co-defendant's counsel could pursue the line of questioning which he had begun but affirmed his earlier ruling that the statement itself would be excluded. Appellant's counsel then moved for a mistrial on the ground that any further questioning would be prejudicial to his client and also because the fact that he had voiced his objection before the jury indicated that it was his client who had given the statement referred to by the witness. When the testimony of the witness was resumed before the jury, no further reference was made by either co-defendant's counsel or the witness to any statement made by any of the defendants.

Appellant argues the court erred in denying his motion for mistrial. Pursuant to OCGA § 17-8-75, when an objection is made to prejudicial statements concerning facts not in evidence, the court shall rebuke counsel and endeavor, by instructions to the jury, to remove the improper impression from their minds. In his discretion, the trial court may order a mistrial. "This discretion will not be interfered with on appeal unless manifestly abused." *Welch v. State*, 251 Ga. 197, 200 (304 SE2d 391) (1983). Appellant argues he is entitled to a mistrial because the court issued no corrective instructions to the jury. However, the issue "is whether the uncorrected [statement] of counsel . . . resulted in a miscarriage of justice. The proper standard for such a determination is the highly probable test, i.e., that it is highly probable that the error did not contribute to the judgment." (Citations and punctuation omitted.) *Sanford v. State*, 153 Ga. App. 541, 542 (265 SE2d 868) (1980).

Here we find it highly improbable that the error, if any, contributed to the verdict against appellant. The witness never identified which of the three defendants made the statement which appellant argues was prejudicial. The fact that appellant's counsel raised an objection to the question does not necessarily imply that it was appellant who made the statement, particularly in light of the fact that the testimony elicited just prior to the objectionable question related to a statement given to the authorities by one of the co-defendants. Therefore, it is more probable that the jury was left with the impression that the objectionable statement was made by the co-defendant rather than the appellant. Moreover, the content of the objectionable statement was never revealed to the jury. The question posed by the co-defendant's counsel, to which appellant objected, was whether any of the three defendants had either admitted owning the cocaine found in the van or accused anyone else of owning it. The officer simply answered the question in the affirmative. He neither identified which defendant made such a statement nor revealed whether the statement

given involved an admission of guilt or an accusation against the other defendants. Therefore the trial court did not err in denying appellant's motion for mistrial.

2. Appellant next argues that the trial court erred in hearing and denying his motion for new trial before the transcript was prepared despite the fact that the court permitted appellant "to reserve . . . objections until after the transcripts have been prepared. . . ." It is evident from the record that the grant of permission to reserve objections related only to the court's instructions to the jury. Appellant raises no error as to the court's instructions to the jury nor does the record reveal any such error was made. Nevertheless, appellant argues he should have been permitted the opportunity to review the transcript before the hearing on his motion for new trial "in light of" the error raised in his first enumeration. However, as noted in Division 1, we find no error in the court's ruling on appellant's objection to co-defendant's questioning of the arresting officer or appellant's motion for mistrial. The court may, in its discretion, hear and determine a motion for new trial before the transcript of the evidence is prepared. OCGA § 5-5-40 (c). We find no merit in the appellant's second enumeration of error.

3. Finally, appellant argues he was denied effective assistance of counsel because his trial attorney failed to file a motion to sever the trial of his case from that of his co-defendants. "Although another lawyer may have conducted the defense in a different manner, asked different questions, called different witnesses, or taken another course of action, the fact that [appellant's] attorney made decisions during the trial with which [appellant] and his current counsel now disagree, does not require a finding that the original representation of defendant was so inadequate as to amount to a denial of effective assistance of counsel." *Harrell v. State*, 139 Ga. App. 556, 557 (228 SE2d 723) (1976). Moreover, the record does not show that appellant was entitled to be tried separately. Whether the co-defendants to a non-capital offense should be tried jointly or separately is a matter left to the discretion of the trial court. OCGA § 17-8-4. A defendant is entitled to severance only where there is a clear showing of harm or prejudice and a showing that failure to sever would result in a denial of due process. *Jones v. State*, 243 Ga. 584 (4) (255 SE2d 702) (1979). Appellant argues prejudice is shown by the fact the co-defendant's attorney disagreed with his attorney's trial strategy to call witnesses and thereby lose the right to make the opening and closing argument. However, the record shows that although appellant filed a subpoena for a trial witness, he did not in the end call any trial witnesses. No conflict arose from this difference in trial strategy. Neither does the fact that appellant filed a separate set of requests to charge create a conflict between him and his co-defendants. The record shows that

those charges were filed and duly considered by the trial court. Appellant does not contend that the court erred in its charge to the jury. Finally, the disagreement between appellant's attorney and the attorney for one of the co-defendants in regard to admitting into evidence the statement made by appellant to the arresting officer resulted in no harm to appellant, as discussed in Division 1. Ultimately, testimony about that statement was never introduced into evidence. Therefore, we find no merit in appellant's third enumeration of error.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED JANUARY 4, 1988.

*Roy L. Allen II, Kevin E. Perry,* for appellant.
*Dupont K. Cheney, District Attorney, Thomas Durden, Assistant District Attorney,* for appellee.