## 77155. HAMRICK v. THE STATE.

(378 SE2d 395)

SOGNIER, Judge.

Joseph Richard Hamrick was convicted of two counts of burglary and he appeals.

In his sole enumeration of error, appellant contends the trial court erred by denying his motion for mistrial made after the State allegedly injected his character into issue at trial. At trial, Mitch Dennis positively identified appellant as the driver of the Trans Am automobile which exited the driveway of one victim's house around 11:30 a.m. on the day in question. Officer Roger Bottoms of the Suwanee Police Department positively identified appellant as the driver of the Trans Am he pursued at great speed at 2:20 p.m. that same day and subsequently tracked to a gravel driveway where appellant was observed unloading items out of the Trans Am before fleeing on foot into nearby woods as Officer Bottoms approached. The Trans Am was owned by appellant and the items appellant was seen unloading from the Trans Am were identified as belonging to the burglary victims.

Defense counsel asked both Dennis and Officer Bottoms about reports that the Trans Am had been stolen and later elicited information from the investigating officer, L. B. Davis of the Gwinnett County Police Department, that appellant stated to police he had spent the day in question in the company of a woman he met at a shopping center, that he had left his Trans Am at the parking lot there around 11:30 a.m., and that upon discovering it gone when he returned at 4:30 p.m., he reported to the police that it was stolen. Defense counsel also asked Officer Davis about his investigation of appellant's story by inquiring as to what steps had been taken to contact the woman with whom appellant alleged he had spent the day. On redirect, Officer Davis testified that appellant's report that his vehicle had been stolen was thoroughly investigated and that as a result, appellant was charged with false report of a crime. It was this testimony regarding the investigation and ensuing charges that appellant contends improperly injected his character into issue and demanded a mistrial.

We find no abuse of the trial court's discretion in denying appel-

lant's motion for mistrial. See generally *Sims v. State*, 243 Ga. 83, 86 (4) (252 SE2d 501) (1979). By questioning witnesses about the report appellant had made that his Trans Am was stolen and about the investigation made by the police into the matter, appellant opened the door to the State's follow-up questions to Officer Davis about the results of that investigation, and he cannot now complain. *Smith v. State*, 258 Ga. 181, 182 (1) (366 SE2d 763) (1988). Further, even if it were error to have admitted this evidence, considering the overwhelming nature of the evidence against appellant as set forth above, it is highly probable the admission of this evidence did not contribute to the judgment, see generally *Louis v. State*, 185 Ga. App. 472, 473 (364 SE2d 607) (1988), and thus the trial court did not err by denying appellant's motion for mistrial.

*Judgment affirmed. Carley, C. J., and Deen, P. J., concur.*

DECIDED FEBRUARY 8, 1989.

*Jerry C. Gray*, for appellant.

*Timothy G. Madison, District Attorney, T. David Motes, Assistant District Attorney*, for appellee.