A89A1891. MATHIS v. THE STATE.
(391 SE2d 130)

COOPER, Judge.

Appellant was convicted of shoplifting and obstruction of an officer. On appeal he questions the sufficiency of the evidence presented on the shoplifting charge, maintains there is a fatal variance between the allegata and probata on the obstruction charge, and contends the trial court intimated its opinion as to the guilt of appellant, a violation of OCGA § 17-8-57.

1. Appellant maintains the State did not present sufficient evidence to authorize his conviction for shoplifting. The assistant store manager testified that one of the store's cashiers called him to her register and reported that appellant, who had placed three items on the counter, said he had already paid for the items but was unable to produce a receipt. The assistant store manager accompanied appellant to various areas of the store where appellant said he had paid the butcher and a delicatessen employee for the merchandise. Both store employees denied taking money from appellant, and the assistant manager testified that neither area of the store was equipped with a cash register. Appellant and the assistant store manager returned to the front of the store where the assistant manager asked appellant to

either display a receipt for the merchandise or pay for it. When appellant did neither, the assistant store manager called the police.

"A person commits the offense of theft by shoplifting when he . . . with the intent of appropriating merchandise to his own use without paying for the same . . . takes possession of the goods or merchandise of any store or retail establishment; . . ." OCGA § 16-8-14 (a) (1). Appellant maintains that there was no evidence he possessed the store's merchandise. However, the assistant store manager testified that appellant carried the goods with him as they traversed the store in search of the employee appellant allegedly paid. Inasmuch as appellant exercised dominion and control over the merchandise with the intent of appropriating it for his own use without paying for it, the State presented sufficient evidence for a rational trier of fact to determine that appellant was guilty beyond a reasonable doubt of shoplifting. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); OCGA § 16-8-14 (a) (1). Although appellant possessed the goods only within the store, since there was evidence that he possessed them with the intent of appropriating them to his own use without paying for them, he may be found guilty of shoplifting.

2. The accusation charged appellant with obstructing law enforcement officers engaged in the lawful discharge of their official duties by refusing to obey the officers and get in the patrol car. At trial, the officers recounted their physical struggle with appellant when he refused to enter the patrol car, including appellant's efforts to obtain their firearms. Appellant contends the inclusion of the latter evidence caused a fatal variance between the allegations of the accusation and the proof presented at trial.

"The true inquiry . . . is not whether there has been a variance in proof, but whether there has been such a variance as to 'affect the substantial rights' of the accused." *Berger v. United States*, 295 U. S. 78, 82 (55 SC 629, 79 LE 1314) (1935). Allegations and proof must correspond in order to inform a defendant of the charges against him so that he might prepare a defense, and to protect the accused against another prosecution for the same offense. *Partridge v. State*, 187 Ga. App. 325 (3) (370 SE2d 173) (1988). The accusation adequately informed appellant of the charge he had to face and the testimony that detailed the extent of appellant's obstruction of the officers could not be used against appellant in another prosecution for obstruction of the officers. Thus, there was no fatal variance between the allegata and probata.

3. As for appellant's contention that the trial court violated OCGA § 17-8-57 when he propounded questions concerning appellant's attempts to get the officers' firearms, " '(t)he question of whether [OCGA § 17-8-57] has been violated is not reached unless an

objection or motion for mistrial is made.' [Cit.]" *Smith v. State*, 158 Ga. App. 330 (2) (280 SE2d 162) (1981). Neither was made in the case at bar. Furthermore, "[t]he questions here did not contain any expressions or intimations [of opinion] and were addressed to relevant issues so as to assist the jury in ascertaining the truth. [Cits.]" *Parrish v. State*, 182 Ga. App. 247 (4) (355 SE2d 682) (1987).

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 13, 1990.

*Knox & Knox, W. Bryant Swan, Jr.,* for appellant.
*Dennis C. Sanders, District Attorney,* for appellee.