## A99A0378. GILLIAM v. THE STATE.
### (517 SE2d 348)

BEASLEY, Presiding Judge.

With a Christmas bag in hand, Hassan Gilliam picked up a jacket at Parisian's, carried it around the store, and then approached a store clerk with the story that he had received the jacket as a gift and wished to return it for a refund. The clerk complied, issuing him a $262 merchandise voucher. A store detective who had videotaped the entire charade detained Gilliam, who confessed.

Gilliam appeals his conviction of felony shoplifting (OCGA § 16-8-14) on three grounds: (i) the court charged the jury it could find him guilty of shoplifting for conduct not alleged in the accusation; (ii) the court refused to instruct the jury on the lesser included offense of theft by deception (OCGA § 16-8-3); and (iii) the evidence was insufficient under *Jackson v. Virginia*.[1]

1. In *K-Mart Corp. v. Coker*[2] the Supreme Court of Georgia held that a person commits theft by shoplifting when he takes possession of store merchandise with any of the following three intents: " '(1) to appropriate the property to (one's) own use without paying for it; (2) to deprive the owner of the possession of it or (3) to deprive the owner of the value of it.' " The Court cited and accepted the definition in Kurtz, Crim. Offenses & Defenses in Georgia 429 (2nd ed. 1987). The Court explained that "[b]y adding the second and third alternatives, the legislature indicated that the mens rea requirement is not stringent," again relying on Kurtz.[3]

The categorization of these intents as three discrete mens rea may be misunderstood, in that they may overlap and they are not always mutually exclusive. For example, the first intent (intending to appropriate merchandise to one's own use without paying for it) in certain cases coincides with the other two intents. In *Coker* the Court found the evidence allowed a finding that the defendant "intended to deprive the store of both the possession and value of" the merchandise.[4] In *Secrist v. State*[5] defendant could be found to have intent both to appropriate merchandise for his own use and to deprive the owner of possession of the merchandise. *Andrews v. State*[6] also illustrates

---

[1] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] 261 Ga. 745, 746-747 (2) (410 SE2d 425) (1991).

[3] Id. at 747; see generally Kurtz at 426, 429-430 (finding the mens rea in the shoplifting statute broader than the intent to steal required for a theft by taking). See also *Secrist v. State*, 145 Ga. App. 391, 392 (243 SE2d 599) (1978) ("[t]his crime by statutory definition can be committed by removal coupled with any one of the three described states of mind or specific intents"). Compare Fourth Edition of Kurtz 892-893.

[4] 261 Ga. at 747 (3).

[5] 145 Ga. App. at 392.

[6] 143 Ga. App. 791 (1) (240 SE2d 142) (1977).

that a theft by taking scheme can be driven by a multiple of the statutorily described intents. The court ruled that the defendant's conduct supported a finding that she "intended to appropriate it to her own use or to deprive [the store owner] of possession of it."

Gilliam's conviction, in which the objective facts are not disputed, is such a case. The evidence shows that Gilliam intended, without payment, to appropriate the jacket to his own use by using it to get cash to which he was not entitled. He also intended to deprive the store of the possession of the jacket, at least temporarily, by carrying it around with him in the store and representing by his behavior that he owned the jacket. He further intended to deprive the store of the value of it by turning it in for a refund, which refund represented the value of the jacket to the store, the price it would have received upon sale to a customer. That was the ultimate aim of the whole sequential scheme.

The accusation charged Gilliam only with taking the jacket with the intent of appropriating it to his own use without paying for it. He contends the court erred in instructing the jury on all three intents. True,

> it is error to charge the jury that a crime may be committed by either of two methods, when the indictment charges it was committed by one specific method. If there is a reasonable possibility that the jury convicted the defendant of the commission of a crime in a manner not charged in the indictment, then the conviction is defective because of a fatal variance between the proof at trial and the indictment returned by the grand jury.[7]

The same rule applies to accusations.[8] The defect is considered a due process violation and reversible error unless a limiting or remedial instruction is given.[9]

---

[7] (Citations and punctuation omitted.) *Childs v. State*, 257 Ga. 243, 253 (17) (357 SE2d 48) (1987); see *Hunley v. State*, 227 Ga. App. 234, 235 (1) (488 SE2d 716) (1997) (error to instruct jury aggravated assault included assault with intent to murder when indictment only charged assault with a deadly weapon; modicum of evidence showed possible murderous intent); *Levin v. State*, 222 Ga. App. 123, 127 (6) (473 SE2d 582) (1996) ("we are constrained to find that the charge violated Levin's due process rights by raising a reasonable probability that the jury convicted him of the commission of a crime in a manner not charged in the indictment") (citations and punctuation omitted); *Perguson v. State*, 221 Ga. App. 212, 214-215 (1) (470 SE2d 909) (1996) (evidence of injury to the child vitiated conviction where indictment charged that defendant committed aggravated child molestation by engaging in sodomy, and court instructed jury that aggravated child molestation could be found if sodomy were committed *or* the victim were injured).

[8] *State v. Tweedell*, 209 Ga. App. 13 (432 SE2d 619) (1993).

[9] *Dukes v. State*, 265 Ga. 422, 423 (457 SE2d 556) (1995); *Sanchez v. State*, 197 Ga. App. 470, 474 (3) (398 SE2d 740) (1990) ("[i]t is reversible error to instruct the jury that an

But the evidence did not create a reasonable possibility that the jury convicted Gilliam of taking possession of the jacket with the second or third intent only. Under the undisputed facts of this case, the jury necessarily found that Gilliam intended to appropriate the jacket to his own use, the intent charged in the accusation. Although the jury may have found Gilliam intended to deprive Parisian's of possession or of the value of the jacket, in doing so (under the facts of this case) the jury also necessarily would have had to find he intended to appropriate the jacket to his own use by using it to get a refund to which he was not entitled. The jury could not have found he was guilty of having either or both of the "deprive possession" or "deprive value" intents without also finding he was guilty of having the "appropriate to his own use" intent. Thus, instructing the jury as to all three intents was harmless, if error.

Significantly, the court further gave a limiting instruction to restrict the jury's focus to the intent alleged in the accusation. After reading the accusation verbatim, the court instructed the jury that the State bore the burden of proving every material allegation of the accusation and every essential element of the crime charged. Additionally, the court gave the written accusation to the jury for review during its deliberations. Several cases have indicated that such may cure a defect of having instructed the jury on inapplicable methods of committing the crime.[10] Defect, if any in this case, was cured.

Gilliam requested a charge on theft by deception, an element of which is "the intention of depriving the owner of the property."[11] He sought this charge on the basis that it was a lesser included offense of the crime charged. This constitutes a concession that in this instance at least, he could have been convicted if he had the specific intent which he now claims was omitted or excluded from the accusation.

2. Next challenged is the court's refusal to give a lesser included charge of theft by deception, which Gilliam had submitted in writing.

The Supreme Court of Georgia held in *Edwards v.*

---

offense may be committed in more than one manner where only one manner is alleged in the indictment and no remedial instructions are given to limit the jury's consideration to the particular manner") (citation and punctuation omitted); *Owens v. State*, 173 Ga. App. 309, 312 (4) (326 SE2d 509) (1985) (same); see generally *Walker v. State*, 146 Ga. App. 237 (246 SE2d 206) (1978).

[10] See, e.g., *Robinson v. State*, 268 Ga. 175, 176 (2) (486 SE2d 156) (1997); *Thomas v. State*, 268 Ga. 135, 141 (17) (485 SE2d 783) (1997); *Harwell v. State*, 231 Ga. App. 154, 156 (3) (b), (c) (497 SE2d 672) (1998); *McClain v. State*, 220 Ga. App. 474, 475 (2) (469 SE2d 756) (1996); *White v. State*, 208 Ga. App. 885, 890 (7) (432 SE2d 562) (1993). Gilliam's case involves a particular intent rather than a different method. The crime of theft by shoplifting may be committed by one of five distinct methods. See OCGA § 16-8-14 (a) (1) through (5).

[11] OCGA § 16-8-3 (a).

*State*[12] that a written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense. But the Court in *Martin v. State*[13] recognized that where the evidence shows either the commission of the completed offense as charged, or the commission of no offense, the trial court is not required to charge the jury on a lesser included offense.[14]

The first question is whether theft by deception is a lesser included offense of shoplifting.

Even if a lesser offense is not included in a charged offense as a general matter because the two offenses have different elements, the lesser offense may be an included offense in a particular case if the facts alleged in the indictment *and the evidence presented at trial* to establish the charged offense are sufficient to establish the lesser offense as well.[15]

OCGA § 16-1-6 (1) provides that an included crime may be established "by proof of the same . . . facts . . . required to establish the commission of the crime charged. . . ."

Theft by deception occurs when an accused, with the intention of depriving the owner of property, obtains that property by creating or failing to correct an impression of fact, which the accused knows is false.[16] In addition to showing that Gilliam may have shoplifted by taking over $100 in merchandise with the intent to appropriate it to his own use without paying for it,[17] the same evidence could be found to show that Gilliam committed theft by deception by making false representations which induced the store clerk to issue the merchandise voucher.

The second question is whether the undisputed evidence shows the completion of the offense of shoplifting. "The accused is not entitled to a charge on a lesser included offense where the evidence establishes without dispute the commission of the greater offense charged."[18]

---

[12] 264 Ga. 131, 132 (442 SE2d 444) (1994).

[13] 268 Ga. 682, 685 (7) (492 SE2d 225) (1997).

[14] (Citations and punctuation omitted.) *Jones v. State*, 233 Ga. App. 362, 363 (504 SE2d 259) (1998).

[15] (Citations and punctuation omitted; emphasis in original.) *Strickland v. State*, 223 Ga. App. 772, 776 (1) (b) (479 SE2d 125) (1996); see *Messick v. State*, 209 Ga. App. 459, 460 (1) (433 SE2d 595) (1993).

[16] OCGA § 16-8-3.

[17] OCGA § 16-8-14 (a).

[18] (Citations and punctuation omitted.) *Jones*, 233 Ga. App. at 363-364; see *Gilliam v. State*, 268 Ga. 690, 693 (4) (492 SE2d 185) (1997) (where evidence without dispute shows

At trial Gilliam did not challenge any of the evidence introduced by the State. He did not cross-examine a single witness nor object to the admission of his confession or to any other substantive evidence, including the videotape of his conduct. The evidence is completely undisputed that Gilliam took possession of the jacket with the intent of appropriating it to his own use without paying for it. "Where, as here, the evidence shows either the commission of the completed offense as charged, or the commission of no offense, the trial court is not required to charge the jury on a lesser included offense."[19]

Gilliam argues the evidence also showed completion of the lesser offense. Even though the body of evidence may factually support a conviction on the lesser crime, the charge need not be given unless "that body of evidence includes countervailing evidence of the lesser included offense."[20] There is no countervailing evidence here. "A jury does not have the discretion to find defendant guilty of a lesser crime when it finds the elements which support the crime charged."[21] Otherwise "this would leave up to the jury whether to convict of a felony or of a misdemeanor . . ., under the same set of facts."[22]

Moreover, even if the charge should have been given, reversal would not be required. As in *Edwards v. State*,[23] "in light of the overwhelming evidence against [Gilliam], it is highly probable that the failure to give this charge did not contribute to the verdict."[24]

3. Gilliam contends that the evidence did not support a verdict that he took possession of the jacket with the intent of appropriating it to his own use. He argues that he never "took possession" of the jacket since it remained in the store the entire time, and further that he never intended to appropriate the jacket to his own use.

As stated above, the evidence allowed the jury to convict Gilliam

---

completion of greater offense, court not required to offer lesser offense as an option); *Hy v. State*, 232 Ga. App. 247, 249 (2) (501 SE2d 583) (1998) (where undisputed evidence showed assault committed with a deadly weapon, no need to give charge on simple assault); *Kirkland v. State*, 173 Ga. App. 687 (2) (327 SE2d 808) (1985) ("a charge on the included offense was not required where the uncontradicted evidence showed completion of the offense of armed robbery") (citation omitted).

[19] (Citations and punctuation omitted.) *Parham v. State*, 218 Ga. App. 42, 44 (3) (460 SE2d 78) (1995) (court did not err in refusing to charge on criminal attempt as a lesser included offense of theft by shoplifting where the undisputed evidence showed defendant concealed two shirts in his pants).

[20] *Oliver v. State*, 232 Ga. App. 816, 819 (2) (503 SE2d 28) (1998).

[21] *Holland v. State*, 205 Ga. App. 695, 699 (5) (423 SE2d 694) (1992).

[22] *Burgess v. State*, 204 Ga. App. 766, 770 (420 SE2d 590) (1992) (Beasley, J., dissenting), rev'd, 263 Ga. 143 (429 SE2d 252) (1993).

[23] 264 Ga. at 133.

[24] See *Stephens v. State*, 232 Ga. App. 738, 740 (4) (503 SE2d 643) (1998) ("[g]iven the overwhelming evidence against Stephens, specifically his confession . . ., it is highly probable that the failure to give the requested [lesser] charge did not contribute to the verdict") (citation omitted); *Holeman v. State*, 226 Ga. App. 879, 880 (1) (487 SE2d 700) (1997) (overwhelming evidence renders failure to give lesser charge harmless).

of intending to appropriate the jacket to his own use. One need not leave the store to take possession of merchandise.[25] False statements that merchandise has already been paid for and carrying the merchandise around the store alone evince an intent to appropriate the merchandise to one's own use;[26] attempting to obtain a "refund" or merchandise voucher is simply additional evidence of this intent. The jury could find that "his own use" was using the jacket to obtain a fraudulent refund.

*Judgment affirmed. Barnes, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 1, 1999.

*John O. Ellis, Jr.,* for appellant.
*J. Tom Morgan, District Attorney, Barbara B. Conroy, Keith E. Adams, Assistant District Attorneys,* for appellee.

---

[25] *Mathis v. State,* 194 Ga. App. 498-499 (1) (391 SE2d 130) (1990).
[26] Id.