22631. HELTON *v.* THE STATE.

DECIDED FEBRUARY 3, 1933.

*Smith & Millican,* for plaintiff in error.

*W. Y. Atkinson, solicitor-general, A. B. Taylor,* contra.

MacINTYRE, J. The indictment in this case charges that on October 18, 1931, in Carroll county, Georgia, Olin Thomas and Cramer Helton committed arson by burning a certain dwelling house owned by W. J. Stewart and occupied by Ed Williamson. A jury found Helton guilty, and the only question for determination here is whether or not the trial judge erred in overruling Helton's motion for a new trial, based solely upon the usual general grounds.

The substance of the State's case, as presented by the evidence, is: that at about eight o'clock on the night of October 18, 1931, in Carroll county, Cramer Helton and Olin Thomas came to Williamson's home drunk, and tried to borrow the latter's automobile; that Williamson said that there was no gasoline in his car, and Thomas said: "Let him keep his damned automobile, we don't need it;" that Cramer and Thomas then walked off about fifty yards, and Thomas said, "You haven't done what you said you was going to do;" that Cramer replied: "By God, I can go back and do what I said I was going to do;" that shortly before the fire Floyd Eason saw Cramer and Thomas going in the direction of Williamson's home with a single-barrel shotgun and asked them what they were going to do with the gun, and Thomas said "they was going down and shoot Ed Williamson, put him in the house, and burn it up;"

that either Cramer or Thomas (the State's witnesses testifying differently as to which) put the gun within about two feet of a window in Williamson's home and fired it into a large pile of seed-cotton which was piled up close to said window, and that fire from the gun was seen to go through the window; that Williamson and his family fled; that said house was practically destroyed by fire about an hour after said gun was fired; that when Williamson and others returned to where the house was burning, Williamson's automobile had been moved from where it had been left and was a wreck, the top being torn, the windshield broken with rocks, and several holes made by a shotgun being in the right side of the car next to the tank; that Williamson and others did not see the actual wrecking of the automobile, but that they did hear the noise made in wrecking it, including the report of a gun; that the night was clear and the moon shining, and that there was no artificial fire in Williamson's house when he left it on the night in question. There was discrepency in some of the testimony of some of the State's witnesess, but there was ample testimony to sustain the main features of the State's case as summarized above. The defendant stated to the jury that he had nothing whatever to do with the burning of Williamson's home, and produced witnesses whose testimony, if believed by the jury, would have made out Cramer's defense of alibi. There was also undisputed testimony that both Cramer and Thomas voluntarily surrendered to the sheriff, several days after the fire.

It was, of course, the province of the jury to pass upon all the disputed issues in the case, including the matter of alibi. It is insisted by counsel for plaintiff in error that "if the house was burned by being set on fire from the flash of the gun, the burden would be on the State to prove that the shot was fired into the house for the purpose of and with the intention of setting the house on fire by the shot." The intent which the law contemplates is the intent to do the prohibited act, and in this case the jury were warranted in concluding, from the direct testimony adduced upon the trial, that the prohibited act was done and that the defendant was a party to that act. Our view of the case is that every essential element of the crime of arson was proved by sufficient competent evidence, and that the trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*