## 48772. SCARVER v. THE STATE.

STOLZ, Judge. The defendant was tried and convicted of robbery by intimidation in the Superior Court of Chatham County and appeals from the denial of his motion for new trial. *Held:*

1. The defendant's first enumeration of error is without merit. The defendant's counsel cannot now complain of the trial judge's failure to declare a mistrial when he, after making the motion, acknowledged that he was mistaken as to the grounds for the motion and apologized for the wording thereof.

2. On direct examination during the trial, the defendant admitted that he had been convicted of shoplifting in the state court, that he had a juvenile record, and had been twice convicted in the juvenile court. On cross examination the defendant was asked why he went to the juvenile court and he replied, ". . . they said we tried to rob a man." This testimony was not objected to. Afterward, the district attorney sought to develop the circumstances surrounding the occurrence, but, on defense counsel's objection, was limited by the judge to the fact that there was a conviction. The following then occurred: "Q. Conviction for robbery by force; is that right? Mr. Zipperer: Your Honor, I object again. In Juvenile Court, I believe one is convicted of juvenile delinquency, and nothing else. The Court: I think that's correct. Q. You and three other people? A. Yes, sir. Mr. Zipperer: I object again, Your Honor; I don't see the relevancy of how many other people were in Juvenile Court with him. Mr. Ryan: All right; we'll withdraw the question."

It is axiomatic that the defendant alone can place his character in issue in a criminal case. *Leverette v. State,* 104 Ga. App. 743, 744 (122 SE2d 745), citing *Bacon v. State,* 209 Ga. 261 (71 SE2d 615). It is difficult to imagine a more conclusive method of doing so than for his own counsel to ask direct questions regarding past convictions of criminal offenses. Once the "character door" is opened, it is opened for all evidence that bears on the defendant's character — convictions of crimes, guilty and nolo contendere pleas, juvenile offense, and incidents which illustrate the defendant's character. See *Clyatt v. State,* 126 Ga. App. 779, 783 (192 SE2d 417) and cits.; *Wilson v. State,* 190 Ga. 824, 829 (10 SE2d 861) and cits.; *Hyatt v. State,* 116 Ga. App. 18 (156 SE2d 147).

3. On cross examination, the defendant's counsel asked a nonexpert state's witness the following question: "Q. Now, your testimony

has been quite positive. If I told you that he had a twin brother, would you admit the possibility that a twin brother could have committed the. . ." The district attorney's objection to the question on the ground that there was no evidence in the case that the defendant had a twin brother, was sustained. Defense counsel did not state in his place that he expected to offer the necessary evidence to meet the deficiency in his hypothetical question or supply the evidence subsequently in the trial. A hypothetical question to a nonexpert witness on cross examination must be based on facts in evidence. *Bryant v. State,* 197 Ga. 641, 651 (30 SE2d 259); *Callahan v. State,* 209 Ga. 211 (2) (71 SE2d 86).

*Judgment affirmed. Eberhardt, P. J., and Pannell, J., concur.*
Argued November 9, 1973 — Decided November 26, 1973.

*Alex L. Zipperer, III,* for appellant.

*Andrew J. Ryan, Jr., District Attorney, Howard A. McGlasson, Jr.,* for appellee.