## 51976. HINTON v. THE STATE.

BELL, Chief Judge.

Defendant was convicted of selling heroin to an undercover agent of the Georgia Bureau of Investigation on two occasions in May of 1974 at Columbus, Georgia. The indictment alleged five prior felony convictions under the recidivist statute. Code § 27-2511. He was sentenced to serve ten years in the penitentiary on each count to run consecutively. *Held:*

1. The evidence authorized the conviction.

2. Defendant complains that the trial court erred in permitting the state to place his character in evidence and in denying his motion for mistrial. Defendant volunteered on direct examination that he was on the "chain gang" and reiterated this on cross examination. This opened the door for all evidence bearing on defendant's character. *Scarver v. State,* 130 Ga. App. 297 (202 SE2d 850).

3. Defendant did not request in writing an instruction on the law of possession. In the absence of a written request, no error was committed. *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354).

4. Defendant complains that the trial judge erred in restricting his counsel's argument to the jury. The matter

of argument lies within the sound discretion of the trial judge. We find no abuse. *Atlanta Newspapers v. Grimes,* 216 Ga. 74 (114 SE2d 421).

5. The court sentenced the defendant to the maximum punishment authorized for the sale of heroin at the time of trial, ten years. Former Code § 79A-9911. During the sentencing phase, evidence of five prior felony convictions was offered and considered by the trial court over objection that these convictions could not be considered in sentencing the defendant under Code § 27-2511, the recidivist statute. It is very clear from the record that four of these convictions were based on separate indictments which were consolidated for trial. See *Cofer v. Hopper,* 233 Ga. 155 (210 SE2d 678). Code § 27-2511 provides in part: ". . . For the purpose of this section conviction of two or more crimes charged on separate counts of one indictment or information or in two or more indictments or informations consolidated for trial, shall be deemed to be only one conviction." Thus four of these five prior convictions were in fact only one. While there was an objection raised to the other felony conviction, it has no merit. Consequently, the state only established proof of two prior felony convictions. In both prior cases defendant was sentenced to confinement and labor in the penitentiary. Therefore, the maximum sentence to ten years on each count was mandatory under Code § 27-2511 and there is no error as to the sentence itself. Nonetheless it is clear from the transcript that the trial court did treat the defendant as a "fourth offender" under Code § 27-2511. The "fourth offender" part of the statute states: ". . . Provided, however, any person who, after having been three times convicted under the laws of this State of felonies, or under the laws of any other State or of the United States, of crimes which, if committed within this State would be felonies, commits a felony within this State other than a capital felony, must, upon conviction of such fourth offense, or of subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction, and shall not be eligible for parole until the maximum sentence has been served . . ." The written sentence of the court does not state that defendant was found to be a

fourth offender. But it is captioned "Selling narcotics (Two counts) alleging five prior convictions." To avoid further litigation on this point and on defendant's future eligibility for parole, we affirm this case with direction to the trial court to amend the order sentencing defendant to show that "Defendant was not found to be a fourth offender under Code § 27-2511."

Other claims of error are without merit.

*Judgment affirmed with direction. Clark and Stolz, JJ., concur.*

SUBMITTED APRIL 5, 1976 — DECIDED MAY 20, 1976.

*Grogan, Jones & Layfield, Ben B. Philips, John C. Swearingen, Jr.*, for appellant.

*E. Mullins Whisnant, District Attorney, Douglas C. Pullen, Assistant District Attorney*, for appellee.