53356. SMITH v. THE STATE.

ARGUED JANUARY 7, 1977 — DECIDED JANUARY 18, 1977.

*Charles M. Leverett,* for appellant.
*Walker P. Johnson, Jr., Assistant District Attorney,* for appellee.

DEEN, Presiding Judge.

1. The indictment charges the appellant with the theft by receiving three stolen tool boxes containing mechanic's tools. The evidence shows that on the night of the theft the appellant was seen in possession of a tool box answering the description of one that was stolen; the next day the appellant was identified as offering to sell for $5 a "box full of tools" that he had "stole" himself. The evidence supports the verdict. *Heilman v. State,* 132 Ga. App. 775 (209 SE2d 220).

2. The appellant took the stand in his own defense and denied all elements of the offense, his direct testimony being in opposition to that introduced by the state. On cross examination the appellant was repeatedly questioned about the stolen tools and the garage from which they were taken. During this line of questioning the district attorney asked: "You said you were a junk dealer?" The appellant responded: "Yeah, but I don't go around buying *stolen tools* or go around breaking in and getting *stolen tools.* I was out there working everyday I didn't have time for that." (Emphasis supplied.) Upon this testimony it was urged that the appellant had placed his own character in question and the trial judge allowed the appellant's guilty pleas to three prior burglaries into evidence for impeachment purposes.

"[N]o evidence of general bad character or prior convictions shall be admissible unless and until the defendant shall have first put his character in issue. . ." Code § 38-415. Careful consideration of the transcript of the appellant's testimony reveals that the thrust of the cross examination was the theft of the tools and that the tenor of the appellant's response to those questions was a denial that he was in any way responsible for the theft of those tools. The appellant's response which the state claims opened up the character of the accused is couched in terms of "stolen tools" and this response is entirely consistent with his prior testimony in which he denied any and all participation in a theft of tools. In other words, the appellant's response, when viewed in the totality of his testimony rather than isolated from the whole, is a *specific* denial of the crime charged rather than a *general* declaration of his own good character. *Johnson v. State,*

186 Ga. 324 (4) (197 SE 786); *Jackson v. State,* 204 Ga. 47 (2) (48 SE2d 864). The appellant's response was a denial of his guilt of theft of tools; the three guilty pleas did not in any way rebut or contradict his statement denying the theft of tools. *Robinson v. State,* 207 Ga. 337, 341 (61 SE2d 475). The appellant denied theft of tools; he did not deny participation in prior burglaries. *Lee v. State,* 197 Ga. 123, 124 (4) (28 SE2d 465).

In a criminal case the state cannot rebut or question the presumption of the defendant's good character unless the defendant discards the presumption thus afforded and elects to put his actual character in issue by evidence or by his statement to the jury. *Bryant v. State,* 65 Ga. App. 523 (2) (16 SE2d 241). The appellant here did not by his statement put his character in issue but merely denied guilt of the crime with which he was charged. The introduction into evidence of his prior guilty pleas was error. *Sikes v. State,* 76 Ga. App. 883 (1) (47 SE2d 677).

*Judgment reversed. Webb and Marshall, JJ., concur.*