## 55296. LESTER v. THE STATE.

BANKE, Judge.

The appellant appeals the denial of his motion for new trial following his conviction for first degree arson.

1. On February 17, 1976, a home owned by the appellant, but in the exclusive possession of his wife under a divorce decree dated October 1, 1975, burned to the ground. The wife testified that the appellant had previously threatened to burn the house down if he were forced to move out. In December 1975, the appellant purchased his first fire insurance policy on the dwelling, in an amount two and a half times the property's appraised value. In January of 1976, the appellant and a woman posing as his wife spoke with a Macon real estate salesman about purchasing a home, stating that the down payment would be made with insurance proceeds coming to him from property that had been destroyed by fire. Approximately three months after the fire, the appellant gave a sworn statement in which he denied having talked with this salesman. However, he admitted at trial that such a conversation had taken place.

Immediately prior to the fire, two neighbors observed a man enter and leave the dwelling in a surreptitious manner. An insurance investigator who was qualified as an expert in fire investigations testified that, in his opinion, the fire was of incendiary origin.

The above evidence, while circumstantial, was sufficient to authorize the verdict. See generally *Pinson v. State,* 235 Ga. 188 (219 SE2d 125) (1975); *Ridley v. State,* 236 Ga. 147 (1) (223 SE2d 131) (1976). The fact that the appellant presented witnesses in support of an alibi defense does not require a different ruling. "The credibility of the testimony adduced in support of the alibi being a matter exclusively for the jury, it cannot be said that the conviction was contrary to the evidence or

without evidence to support it." *Jordan v. State,* 18 Ga. App. 44 (1) (88 SE 825) (1916). See also *Helton v. State,* 46 Ga. App. 340 (167 SE 719) (1932).

2. Prior to trial, the appellant moved to suppress as evidence some pieces of copper tubing which the fire investigator had taken from the ruins of the house. Even assuming arguendo that the appellant had standing to object to a search of these premises, it was not error to overrule the motion. The investigator was dispatched by a private firm at the behest of the fire insurance company. He was not connected with any law enforcement agency, nor did he communicate with one prior to conducting his investigation. Therefore, the search could not have violated his Fourth Amendment rights. See Burdeau v. McDowell, 256 U. S. 465 (41 SC 574, 65 LE 1048) (1921); *Tootle v. State,* 135 Ga. App. 840 (219 SE2d 492) (1975).

3. The appellant assigns as error the admission over objection of a certified copy of his prior felony conviction for theft-by-taking. "Evidence as to an offense other than that charged against a defendant is not admissible for the purpose of showing his guilt of the offense of which he stands accused, unless the evidence as to the other offense is offered for the purpose of proving and tends to show a common design, scheme, plan, or purpose, or some other rational connection with the offense for which he is being tried. [Cits.] Where the good character of a defendant is put in issue, evidence as to general bad character with respect to the particular trait may be shown in rebuttal; but in doing so it is not permissible to prove specific acts, except on cross examination for the purpose of testing the knowledge of the defendant's witnesses, and except for the purpose of impeaching knowingly false statements made by the defendant himself to the jury or by his witnesses on cross examination. [Cits.]" *Mimbs v. State,* 189 Ga. 189 (2), 192 (5 SE2d 770) (1939). See Code § 38-415; *Lyles v. State,* 215 Ga. 229 (2) (109 SE2d 785) (1959). For a general review of the rule against the admission of prior convictions and its exceptions, see the dissenting opinion by Judge Townsend in *Hodges v. State,* 85 Ga. App. 617, 623-626 (70 SE2d 48) (1952).

In admitting the prior theft conviction in this case the trial court apparently determined that the appellant had

placed his character "in issue" both by cross examining his wife concerning his previous arrests for failure to pay child support and by producing an alibi witness who testified *on cross examination by the state* that she had committed adultery with him. We cannot agree. The appellant made no attempt to elicit any testimony from either of these witnesses to show that he was a person of good character, nor did he himself make any statement suggesting such a motion. Thus, it is difficult to ascertain how he could have created an issue as to his character.

The state has cited several cases holding that a criminal defendant who admits to past convictions on the witness stand thereby opens the "character door," permitting the state to show other convictions. See *Scarver v. State,* 130 Ga. App. 297 (2) (202 SE2d 850) (1973); *Hinton v. State,* 138 Ga. App. 702 (2) (227 SE2d 474) (1976); *Hughes v. State,* 141 Ga. App. 506 (233 SE2d 872) (1977). These cases are inapposite to the situation before us now, since the appellant admitted to no prior criminal activity. Furthermore, the above cases conflict with other authorities both from this court and the Supreme Court which hold that prior convictions may come in through the "character door" only *in rebuttal* to the defendant's evidence of *good character.* See, e.g., *Mimbs v. State,* supra; *Wilson v. State,* 190 Ga. 824 (3) (10 SE2d 861) (1940); *Lyles v. State,* supra; *Giles v. State,* 71 Ga. App. 736 (32 SE2d 111) (1944); *Carroll v. State,* 143 Ga. App. 769 (2) (b) (240 SE2d 197) (1977). Where the defendant makes *false* statements concerning his past criminal record, evidence of his prior convictions may be admitted for impeachment only, although it is sometimes said that such statements have "opened the character door." See *Brown v. State,* 237 Ga. 467 (2) (228 SE2d 853) (1976). Accord, *Stephens v. State,* 144 Ga. App. 779 (2) (242 SE2d 371) (1978); *Hyatt v. State,* 116 Ga. App. 18 (156 SE2d 147) (1967); *Smith v. State,* 141 Ga. App. 64 (2) (232 SE2d 401) (1977).

Since evidence of the prior theft conviction was not offered for the purpose of impeachment or under any other exception to the rule against the proof of prior offenses, its admission constitutes reversible error. See generally *Bacon v. State,* 209 Ga. 261 (71 SE2d 615) (1952).

4. The remaining enumeration of error concerns a remark made by the district attorney during closing argument which is unlikely to occur upon retrial of the case.

*Judgment reversed. Deen, P. J., and Smith, J., concur.*

ARGUED FEBRUARY 1, 1978 — DECIDED APRIL 4, 1978 — REHEARING DENIED MAY 5, 1978 — CERT. APPLIED FOR.

*Walter E. Baker,* for appellant.
*Stephen Pace, District Attorney, Miriam D. Wansley, Assistant District Attorney,* for appellee.