## 61695. BURKE v. THE STATE.

SHULMAN, Presiding Judge.

Convicted of burglary, Burke appeals, enumerating as error the refusal of the trial judge to grant a mistrial when the state placed his character in issue.

At trial, the state presented evidence that appellant was seen inside the Metro Music Centre on Roswell Road in Atlanta, after the storeowner had been alerted by a silent burglar alarm to a break-in in the early morning hours. Chasing the fleeing intruder, a police officer discovered appellant behind a dumpster in a nearby Sears parking lot. In appellant's pocket were a guitar pick, a drum key, and a cigarette lighter, all of which were identified by the owner of the store as his property. A syringe was also found. Appellant took the stand in his own defense, testifying that he was a musician and owned the found items; that he had been waiting for a bus at the stop at the Sears parking lot after being dropped off by a friend with whom he had attended a party in the Oglethorpe area; and that he had gone behind the dumpster to shoot cocaine. On cross examination, the state elicited from appellant, over the timely objection of counsel, testimony that he had prior convictions for possession of heroin and marijuana. The trial court denied appellant's motion for mistrial.

We consider the appellant's objections meritorious and, accordingly, reverse. The trial court was incorrect in finding that the evidence objected to was admissible for impeachment purposes. "[A] specific denial of the crime charged [is] insufficient to generally place the defendant's character in issue. [Cit.] Evidence of the accused's participation in other criminal activity tended to show bad character. It did not place good character in issue so as to authorize rebuttal. [Cit.] The admission of appellant's prior convictions constituted error requiring a new trial." *Lindler v. State,* 149 Ga. App. 155 (253 SE2d 833).

"The prejudicial effect of evidence concerning independent crimes is the paramount consideration behind the general rule of inadmissibility of such evidence. When the evidence is independently relevant to an issue in the case, such as to show malice, motive, intent, or identity, it may be admissible. [Cit.] Even then, the evidence will not be admissible unless its relevance to the issue outweighs its prejudicial impact. [Cit.] If the evidence tends to show a general criminal propensity more than it tends to prove an issue in the case, it should not be introduced to the jury. [Cit.]" *Carroll v. State,* 143 Ga. App. 796, 797 (240 SE2d 197).

Such is the case here. Appellant did not "open the character door," either by making a false statement concerning his past

criminal record so that his prior convictions could be admitted for impeachment, or by testifying as to his good character so as to authorize rebuttal. Therefore, the admission of this evidence was reversible error. *Lester v. State,* 145 Ga. App. 847 (3) (244 SE2d 880).

*Judgment reversed. Birdsong and Sognier, JJ., concur.*

DECIDED JUNE 19, 1981 —

Lawrence Lee Washburn III, for appellant.

*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, Joseph J. Drolet, A. Thomas Jones, Assistant District Attorneys,* for appellee.