## 64718. LEHMAN v. THE STATE.

CARLEY, Judge.

Appellant and his mother, Mary McCoy, were jointly indicted and tried for murder. Appellant was convicted of voluntary manslaughter and a sentence of twenty years was imposed. A verdict of not guilty was returned for Mary McCoy. Appellant appeals from the judgment of conviction and sentence entered on the guilty verdict.

1. Appellant first asserts that the trial court erred in denying a motion for mistrial made after certain testimony by a state's witness allegedly placed his character in issue. Upon direct examination by the District Attorney, the witness testified that she had seen the appellant on the day of the homicide with a "great big old sword." The question was withdrawn after objection by appellant's counsel. During cross-examination by Mrs. McCoy's attorney, however, the witness was again asked about the incident. In response to this question, the witness stated that she had seen appellant earlier in the day "out there throwing a knife at the little girl." When appellant objected, the trial judge instructed the jury to disregard the testimony and thoroughly admonished Mrs. McCoy's attorney before the jury for knowingly eliciting such testimony.

"A decision to grant a motion for mistrial lies within the sound discretion of the trial judge. His judgment will not be overturned on

appeal without a showing of abuse of this discretion." *Baker v. State,* 245 Ga. 657 (4) (266 SE2d 477) (1980). Under the circumstances, we cannot say that the trial court abused its discretion in denying appellant's motion for mistrial. See generally *Witt v. State,* 157 Ga. App. 564, 565 (278 SE2d 145) (1981).

2. Appellant next contends that the trial court erroneously allowed certain questions to be propounded to appellant on cross-examination. Appellant argues that the cross-examination was irrelevant and prejudicial, and that it improperly placed his character in issue.

On direct examination, appellant had stated: "I was selling stuff that was stolen . . . and I gave my momma fourteen hundred dollars . . . she said it had got missing." The trial court then allowed questions on cross-examination by co-defendant's attorney eliciting elaboration on what appellant had stolen and how he sold the stolen items. In so ruling, the trial court stated that appellant had placed his character in issue when he testified on direct examination as to his bad character (stealing), and that such questions on cross-examination were thus permissible.

"[A] criminal defendant placed his character in issue by testifying as to his good character. The state then could rebut with evidence of bad character. Here, the appellant['s] evidence tended to show, if anything, *bad* character. [His] 'good character' was not in issue so as to authorize rebuttal." *Carroll v. State,* 143 Ga. App. 796, 798 (2) (b) (240 SE2d 197) (1977). *Burke v. State,* 159 Ga. App. 26 (282 SE2d 682) (1981). *Lindler v. State,* 149 Ga. App. 155 (253 SE2d 833) (1979); *Lester v. State,* 145 Ga. App. 847, 849 (244 SE2d 880) (1978); *Mimbs v. State,* 189 Ga. 189 (2) (5 SE2d 770) (1939). However in *Scarver v. State,* 130 Ga. App. 297 (2) (202 SE2d 850) (1974), this court stated: "It is difficult to imagine a more conclusive method of [placing character in evidence] than for his own counsel to ask direct questions regarding past convictions of criminal offenses. Once the 'character door' is opened, it is opened for all evidence that bears on the defendant's character . . ." As noted in *Lester v. State,* 145 Ga. App. at 849, supra, this broad assertion in *Scarver,* and similar statements in *Hughes v. State,* 141 Ga. App. 506 (233 SE2d 872) (1977) and *Hinton v. State,* 138 Ga. App. 702 (2) (227 SE2d 474) (1976) are in apparent conflict with the decisions of both this court and the Supreme Court which consistently hold that general evidence of bad character, such as prior convictions for unrelated crimes, may come in through the "character door" only in rebuttal of evidence of the defendant's good character. In this connection, we also note that in *Brown v. State,* 242 Ga. 602, 603 (250 SE2d 491) (1978) the Supreme Court held that the appellant " 'put his character

into evidence...'" by testifying on direct and cross-examination that he was drinking and driving at the time of the collision. However, the effect of this broad language also appears to have been greatly limited by *McDaniel v. State,* 248 Ga. 494 (3) (283 SE2d 862) (1981) which cites *Brown,* not for the proposition that the character door was opened generally when the defendant volunteered that he had previously been arrested for a minor charge, but as authority for holding that this testimony opened the door for cross-examination *for the limited purpose of impeachment.*

However, in the instant case we need not resolve this conflict. Although, here, the trial judge may have erred in basing his ruling on his conclusion that the defendant has placed his own character in issue, the examination which was in fact conducted was permissible for another reason. Appellant's testimony on direct examination first introduced evidence that he was "selling stuff that was stolen." The apparent reason for the appellant's testimony in this regard was to implicate the co-defendant, his mother, by showing that she had a motive for the homicide: the disappearance of the proceeds of the stolen items which had been given to her by appellant. Compare *Carroll,* 143 Ga. App. at 797 (2a), supra. The control of the cross-examination, under these circumstances, was largely within the direction of the court and it was not error to allow the cross-examination of the appellant concerning the specific circumstances surrounding the stealing incident to which he had testified on direct. *Ward v. State,* 138 Ga. App. 454 (2) (226 SE2d 278) (1976). The trial court, although apparently ruling that the "character door" was open generally, did not admit further unrelated evidence of appellant's bad character. Therefore, we find that the trial court did not err in allowing cross-examination concerning the stealing and selling of such items as had been testified to on direct examination by appellant.

*Judgment affirmed. Shulman, C. J., and Quillian, P. J., concur.*

DECIDED JANUARY 4, 1983.

*Brooks S. Franklin,* for appellant.
*Lewis R. Slaton, District Attorney, Allen Moye, Benjamin H. Oehlert III, R. M. Whaley, Assistant District Attorneys,* for appellee.