39649. KITCHENS v. THE STATE.

WELTNER, Justice.

George Orlando Kitchens shot and killed with a handgun his wife, Pearl Ward Kitchens, and his sixteen-year-old stepson, Joseph Ward. He was convicted of malice murder on two counts and received two life sentences.

1. Kitchens contended at trial that he shot his stepson in self-defense, and that the shooting of his wife was accidental. The testimony of a witness, who stated that he was present at the time the shootings occurred, indicated that Kitchens shot his stepson intentionally and without provocation, and that Kitchens then shot his wife as she attempted to approach him outside Kitchens' house. Although the witness acknowledged that he was not in a position to see the second shooting, which immediately followed the first, there was expert testimony which directly contradicted Kitchens' claim that his wife seized the gun, or his arm, causing the gun to discharge accidentally. We conclude that a rational trier of fact could have found the defendant guilty beyond a reasonable doubt of the crimes charged. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The charge to the jury, while subject to question, was not in violation of Sandstrom v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979). See *Wilson v. Jones,* 250 Ga. 630 (300 SE2d 640) (1983), and *Hosch v. State,* 246 Ga. 417 (3) (217 SE2d 817) (1980).

3. Kitchens contends that the trial court erred in declining to

instruct the jury on the offense of voluntary manslaughter with respect to the killing of his stepson, Joseph Ward. Kitchens testified that he shot Ward in self-defense; that Ward lunged at him from across the room with his hand in his front pocket, where, Kitchens said, he frequently carried a knife. Kitchens did not contend that he ever saw a weapon, that any physical contact was made, or that he was uncontrollably angry. Rather, he stated that he was afraid of Ward. Under these circumstances, there was no evidence that Kitchens acted ". . . solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person. . . ." OCGA § 16-5-2 (Code Ann. § 26-1102). The court instructed the jury as to self-defense, involuntary manslaughter and accident. This enumeration is without merit.

4. We have reviewed the remaining enumerations with respect to the court's charge to the jury and find no error.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 12, 1983.

*Johnny H. Butcher,* for appellant.

*Kenneth E. Goolsby, District Attorney, Michael J. Bowers, Attorney General,* for appellee.