## 67413. LANGUAGE v. THE STATE.

McMURRAY, Chief Judge.

Defendant and another were jointly indicted, tried and convicted of the offense of burglary. Following the denial of his motion for new trial, as amended, this defendant appeals. *Held:*

1. During his direct testimony the defendant offered his explanation as to his movements on the night in question in which the burglary took place and as to how he had injured a finger in a fight. He testified that he had left home about 6 o'clock on his way to the Shrine

of the Black Madonna, the church he belongs to, being a black Christian nationalist organization, and that he stayed at the shrine until 11 o'clock. While he was on a street corner attempting to invite more people to attend the church, explaining in great detail that it was for the re-education of black people especially children, and inviting his brothers to attend, an intoxicated individual interfered, resulting in a fight, and he was cut on the hand with a knife. Thereafter, on cross-examination the assistant district attorney cross-examined him concerning whether or not he was a Christian, contending that defendant had put his character in issue and had opened the door for all evidence that bears on his character, such evidence was allowed, and the state also introduced convictions of other specific crimes. Defendant contends it was error to allow this testimony and the certified copies of his previous convictions should not have been allowed in evidence against him. Defendant contends that the general character of the defendant is irrelevant and inadmissible unless he chooses to put it in issue, citing *Walker v. State,* 86 Ga. App. 875 (1), 877 (72 SE2d 774); *Askew v. State,* 135 Ga. App. 56, 57 (1) (217 SE2d 385); *Joiner v. State,* 236 Ga. 580, 581 (2) (224 SE2d 414). He contends that his testimony was a specific account of his activities, movements and whereabouts, as well as an explanation of the injury to his left hand on the night in question and same was in support of a specific denial rather than a general declaration of his own character. See *Johnson v. State,* 186 Ga. 324 (4), 334 (197 SE 786); *Jackson v. State,* 204 Ga. 47 (2), 56 (48 SE2d 864); *Smith v. State,* 141 Ga. App. 64, 65-66 (2) (232 SE2d 401); *Wiggins v. State,* 80 Ga. App. 258 (2), 259-260 (55 SE2d 842). The state, however, contends that defendant's direct testimony about his church and his activities in the church served to put his good character in issue, citing *Clark v. State,* 52 Ga. App. 254 (183 SE 92); *Connally v. State,* 161 Ga. App. 519 (288 SE2d 863); *Hyatt v. State,* 116 Ga. App. 18 (156 SE2d 147); *Shepherd v. State,* 239 Ga. 28, 29-30 (2) (235 SE2d 533); *Brown v. State,* 237 Ga. 467, 468 (228 SE2d 853); *Darden v. State,* 236 Ga. 897 (2) (225 SE2d 904); *Murray v. State,* 157 Ga. App. 596 (1) (278 SE2d 2). While the above cases are much clearer as to opening the door with reference to one's character, nevertheless, here the defendant in explanation of his activities was seeking to show his devotion to his church, that is, seeking new members and his laudatory activities with reference to his church in re-education of black people, especially children, which resulted in placing his character in issue under the circumstances. We, therefore, find no merit in the complaint here wherein the trial court correctly permitted the state to introduce evidence of his prior convictions.

2. The remaining enumeration of error contends the evidence

was insufficient to support the verdict. After careful examination of this evidence and the record, we hold that a rational trier of fact (the jury in the case sub judice) could reasonably have found the defendant guilty beyond a reasonable doubt of the offense of burglary. See *Kitchens v. State,* 251 Ga. 36 (1) (302 SE2d 569); *Camp v. State,* 166 Ga. App. 208 (303 SE2d 540); *Alexander v. State,* 166 Ga. App. 233 (1) (303 SE2d 773).

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 31, 1984.

*Frank B. Hester,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, R. Andrew Weathers, Assistant District Attorneys,* for appellee.