## 68278. PERKINSON v. THE STATE.
### (322 SE2d 345)

McMurray, Chief Judge.

Defendant was convicted of four counts of armed robbery and two counts of "attempted" armed robbery. Following the denial of his motion for new trial he appeals. *Held*:

Defendant was represented at trial by counsel different from present counsel who was appointed to represent him on appeal. Appellate counsel has filed a motion to withdraw as counsel on the ground that the appeal is wholly frivolous. See Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493); *Bethay v. State*, 237 Ga. 625 (229 SE2d 406). Appellate counsel has shown that he has made a conscientious examination of the record and transcript and that he finds the appeal to be wholly frivolous. He has also met all other requirements of *Bethay v. State*, 237 Ga. 625, supra. In further compliance with Anders we have fully examined the record and transcript to determine whether the appeal is in fact wholly frivolous. We have found the appeal is wholly frivolous and accordingly granted permission to counsel to withdraw.

As enumerations of error appellate counsel has contended that the weight of the evidence was insufficient to convict, and the trial court erred in allowing the two investigators to testify with reference to the confessions made by the defendant in that defendant was intoxicated and was threatened prior to his statements. However, since the Anders motion has been filed the defendant has filed pro se in support of his appeal additional enumerations of error in substance that he was denied the benefit of counsel because his appointed trial counsel failed to properly object to questions during the Jackson-Denno hearing and in his representation during the trial. He further elaborates on the sufficiency of the evidence by setting forth specific enumerations of error which question the issue as to the evidence necessary to convict him of the various crimes and claims further that he was convicted on perjured testimony. Defendant also contends that the trial judge was prejudiced "toward the defendant," that the trial judge entered the deliberating room of the jury and there was a lack of proper identification of him (defendant) as the person who committed the crimes by the various witnesses. We, therefore, proceed to consideration of the various enumerations raised by counsel and the defendant.

1. Having fully examined the record and transcript to determine independently if there are any meritorious errors of law with reference to the sufficiency of the evidence we are satisfied that evidence produced at the trial, both direct and circumstantial, including the defendant's statements in regard to the charges made after his arrest to the police officers investigating the crime, was sufficient to enable

any rational trier of fact to find the defendant guilty of the crimes charged beyond a reasonable doubt. *Kitchens v. State,* 251 Ga. 36 (1) (302 SE2d 569); *Joyner v. State,* 251 Ga. 84 (1) (303 SE2d 106).

2. During the Jackson-Denno hearing the State offered ample evidence that the statements admitting the defendant's involvement in the crimes charged were given to the officers by him freely and voluntarily without any hope of reward and did not involve any coercion. Further, the defendant produced no testimony in opposition to the State's evidence at the Jackson-Denno hearing although the defendant by brief (pro se) now contends that he was coerced (threatened) and was intoxicated during said interrogation in which he made the statements. Under the circumstances the evidence here authorized the trial court as a fact finder during the Jackson-Denno hearing to determine that the statements made were freely and voluntarily given after all defendant's rights were duly explained to him. We have no way of ascertaining that he was intoxicated and coerced into giving the statements except from defendant's statement by brief which we are not authorized to accept as evidence. We find no merit in this complaint from our examination of the record and transcript.

3. A defendant is entitled to reasonably effective counsel but not necessarily errorless counsel and certainly not counsel adjudged ineffective by hindsight, but defendant is entitled to counsel reasonably likely to render and in the rendering of reasonably effective assistance. See *Pitts v. Glass,* 231 Ga. 638, 639 (203 SE2d 515). While other counsel may have represented the defendant during the trial in a different manner and might have exercised different judgments with respect to the matter we cannot second-guess trial counsel here as to the conduct of the trial, and we find nothing to suggest from the record and transcript that counsel's representation was inadequate so as to amount to a denial of the effective assistance of counsel. This is particularly true where the defendant has made statements implicating himself in the various crimes charged, albeit that defendant now insists that appointed trial counsel failed to offer any testimony (by placing defendant on the stand) to prove he was coerced and threatened and made the statements while he was intoxicated. We find no merit in this complaint. See also *Jones v. State,* 243 Ga. 820, 830 (12) (256 SE2d 907).

4. Defendant insists that he was convicted upon perjured testimony and further that the trial judge was prejudiced toward him and that the trial judge entered the deliberating room of the jury. We have been unable to ascertain any facts to support either of these claimed enumerations of error from our examination of the transcript and record. Further, we have not found that during the motion for new trial phase of the case that any other evidence was produced to show either of these claims to have any merit or were these issues

raised as grounds. Accordingly, we find no merit in these complaints.
*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 18, 1984.

Martin Perkinson, *pro se.*
*Darrell E. Wilson, District Attorney*, for appellee.