73581. PERVIS v. THE STATE.
(353 SE2d 200)

BANKE, Presiding Judge.

The appellant appeals his conviction of first-degree arson. Prior to the fire, the appellant had been operating a business in the basement of his home known as Dahlonega Sales and Service. The evidence demonstrated that on the morning the fire occurred, his office manager met the secretary in the driveway upon her arrival for work and informed her that appellant wanted her to return home until further notice, explaining that the company's factor was at the house seeking to audit certain accounts and that appellant did not want "to get involved with it on that day." The secretary telephoned the office later that day and was told to take the afternoon off.

The office manager testified that appellant appeared to be extremely nervous and distraught on the day in question. He further testified that the appellant had confided to him that he was under much pressure because the bank was about to take his home, that he would burn the house to the ground before he would let them have it, and that he could start such a fire by igniting flammable material or letting "the gas line loose on the space heater."

Appellant left the house at 12:40 p.m., before the onset of the fire, and traveled to Gainesville, Georgia, where he spent the afternoon with his wife. When he returned to his home, it was engulfed in

flames. *Held*:

1. Appellant contends that the trial court erred in denying his motion in limine seeking to suppress all physical evidence seized during a warrantless, nonconsensual search of the property conducted 19 days after the blaze. That motion was denied by the trial court on the ground that the search lacked sufficient governmental involvement to invoke the safeguards of the Fourth Amendment.

Pretermitting the question of whether the search was conducted solely by a private citizen, thereby affording appellant no Fourth Amendment protections, or whether it was conducted in concert with law enforcement authorities, thus triggering the safeguards of the Fourth Amendment, (see, e.g., *Burdeau v. McDowell*, 25 U. S. 465 (41 SC 574, 75 LE 1048) (1921); *Lester v. State*, 145 Ga. App. 847 (2) (244 SE2d 880) (1978)), we conclude that under the facts of this case appellant had no reasonable expectation of privacy in the fire-damaged premises.

The United States Supreme Court recently addressed the issue of whether and to what extent a defendant may assert a privacy interest in fire-damaged property, reaching the following conclusions: "Privacy expectations will vary with the type of property, the amount of fire damage, the prior and continued use of the premises, and in some cases the owner's efforts to secure it against intruders. Some fires may be so devastating that no reasonable privacy interests remain in the ash and ruins, regardless of the owner's subjective expectations. The test essentially is an objective one: whether 'the expectation [is] one that society is prepared to recognize as "reasonable." ' [Cits.] If reasonable privacy interests remain in the fire-damaged property, the warrant requirement applies, and any official entry must be made pursuant to a warrant in the absence of consent or exigent circumstances." See *Michigan v. Clifford*, 464 U. S. 287, 292 (104 SC 641, 78 LE2d 477) (1984).

The record in the present case reflects that the appellant's home and office were totally consumed by the fire, with only the remnants of a brick chimney left standing. Appellant himself testified that "there was nothing left of the house" and that all of his personal belongings were consumed by the fire. It appears that no effort was made to secure the premises, and there was certainly no evidence of any continued use of the property by the appellant. The items that were seized during the search were simply exhumed from an openly visible pile of ashes and rubble. Under these circumstances, we hold that appellant retained no reasonable objective expectation of privacy in the structure and that the seizure of the evidence in question consequently did not violate his Fourth Amendment rights.

2. Appellant submits that the trial court committed reversible error in denying his pretrial motion to inspect, examine, and test the

physical evidence of arson removed from the site — specifically, a can of debris containing kerosene residue and a segment of a propane line which had been connected to a space heater but which purportedly showed signs of having been deliberately loosened. This evidence had been discovered at the scene of the fire by a Lumpkin County Sheriff's Department investigator but had been removed from the scene by an investigator employed by State Farm Insurance Company, the appellant's fire insurance carrier, at a time when both individuals were there investigating the cause of the fire. The evidence had then been delivered to independent scientific experts employed by State Farm for analysis. When asked why he would turn over such potential evidence of a criminal offense to a private individual, the sheriff's department investigator responded that the State Farm investigator was an expert in fire investigations and had a private lab at his disposal for analysis. The evidence remained in the possession of State Farm until the time of trial, when it was introduced into evidence by the state.

The state's attorney represented to the trial court that his office had not learned of the existence of the reports prepared by the State Farm experts setting forth the results of their analysis of the items in question until February 17, 1986, and that the reports had been transmitted to appellant's counsel on February 20. Appellant filed his motion to permit independent testing on February 25. That motion was ultimately granted with respect to material in the possession or control of the district attorney but was denied with respect to any material or evidence in possession of private individuals. Since the material at issue was in State Farm's possession, appellant was thus denied access to it until the time of trial, which commenced on March 3, 1986.

"A criminal defendant on trial for his liberty is entitled on motion timely made to have an expert of his choosing, bound by appropriate safeguards imposed by the court, examine critical evidence whose nature is subject to varying expert opinion." *Sabel v. State,* 248 Ga. 10, 17 (282 SE2d 61) (1981). In the present case, the evidence of arson was unquestionably critical and subject to varying expert opinion. The state contends, however, that *Sabel*, does not compel reversal because the motion for independent analysis was untimely. We disagree. The motion was filed by counsel for appellant only three business days after he was served by the state with the reports concerning the testing conducted by State Farm. Moreover, it appears that the state's investigator had by that time been aware of the existence of this evidence for some six months. Under such circumstances, the state will not be heard to complain that appellant was dilatory in filing his motion for independent inspection. Compare *Patterson v. State,* 238 Ga. 204 (232 SE2d 233) (1977); *Williams v.*

*State*, 251 Ga. 749 (2) (312 SE2d 40) (1983). We hold that the appellant's motion to inspect, examine, and test the physical evidence in question was timely and that the denial of the motion violated his due process rights pursuant to *Sabel*, supra. His conviction must consequently be reversed.

3. Appellant's third enumeration of error is rendered moot by our ruling in Division 2.

*Judgment reversed. Birdsong, C. J., and Sognier, J., concur.*

DECIDED JANUARY 8, 1987 —
REHEARING DENIED JANUARY 27, 1987 — 

*Bobby Lee Cook, L. Branch S. Connelly, A. Kristina Cook Connelly, William A. Wehunt*, for appellant.

*Bruce L. Udolf, District Attorney, Daniel A. Summer, Assistant District Attorney*, for appellee.