74850, 74898. ANDERSON v. THE STATE (two cases).
(361 SE2d 270)

BIRDSONG, Chief Judge.

Willie Charles Anderson was convicted of burglary of a church, after having been found inside the church with boxes and bags of groceries in his arms. He explained that he was passing the church and saw the groceries sitting on the porch and that he merely intended to take the groceries inside the church and to find someone there to take the groceries. The State showed some of the items had been recently refrigerated, and that appellant had a screwdriver in his pocket and pry marks were found on a window.

Appellant complains of the admission in evidence of two guilty pleas, in 1984 for entering an automobile and in 1983 for burglary of a house. The trial court allowed this evidence on grounds appellant had put his character in evidence by saying he only meant to put the groceries inside the church; the trial court reasoned under *Language v. State*, 169 Ga. App. 649 (314 SE2d 484) that appellant was thus painting himself to be a Good Samaritan.

In *Language*, we held that appellant's detailed explanations of his devotion to the church, wherein he explained in great detail his church activities so as to show how his finger came to be cut, "resulted in placing his character in issue." Id., p. 650. In this case, Anderson's explanation that he entered the church only to return groceries someone had left on the porch, even more clearly brings into question his character, as to which his propensity to enter others' property for illegal purposes, is directly relevant to prove motive, intent, design and inclination. Moreover, if this offense had differed in material substance or modus operandi from the prior offenses, they would be less relevant to the question of his motives in entering the property; but as the facts stand, any prejudice engendered by this evi-

dence is far outweighed by its direct relevance to the issue raised by the appellant of his intent and motive.

In criminal cases, the rule admitting evidence of *similar* crimes is an exception to the general rule against prejudicially putting a defendant's character in issue. *Millwood v. State*, 164 Ga. App. 699 (296 SE2d 239). But where its relevance to show identity, motive, plan, scheme, bent of mind and course of conduct, outweighs its prejudicial impact, it is properly admitted. *Hayes v. State*, 175 Ga. App. 135, 137 (332 SE2d 917); *McCarty v. State*, 165 Ga. App. 241, 243 (299 SE2d 95). However, before it is admissible, two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged. *Davis v. State*, 249 Ga. 309, 311 (290 SE2d 273). The evidence qualified for admission under these standards. We find no error in the trial.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 24, 1987.

*Richard O. Ward*, for appellant.

*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Benjamin A. Jackson, Assistant District Attorneys*, for appellee.