## A89A0947. CARVER v. THE STATE.
### (382 SE2d 169)

DEEN, Presiding Judge.

James Phillip Carver was convicted of burglary and arson in the first degree. The evidence showed that the home of Carver's former wife was broken into and a fire was set in the master bedroom. A picture of Carver and his former wife was removed from its frame and replaced with a 1986 receipt for their son's class field trip to an amusement park. (Mrs. Carver had not seen it since 1986). Several bottles of alcohol had been removed from a kitchen cabinet, $40 in cash was missing from a jewelry box in the children's bedroom, and the locked rear patio door had been pried open. Various items, including a television set, video cassette recorder, clothing, etc., had been placed on the bed before the fire was started and various pieces of bedroom furniture had been placed next to the bed.

Interviews with the neighbors were conducted by the police, and the neighbors testified that appellant was seen leaving the area immediately before the fire started. Other witnesses testified that they saw him later in the evening when he reappeared and began questioning them about the fire. One neighbor testified that he appeared to be intoxicated.

On appeal Carver claims that the trial court erred in admitting into evidence testimony about a similar transaction, that the court erred in denying his motion for a directed verdict, and that the evidence was insufficient to sustain the verdict.

1. Evidence was admitted to show that on the date that their divorce was final, Carver went to his wife's home in Tennessee and became involved in an argument with her because he refused to accept the fact that she had divorced him. He removed her bed and headboard from the bedroom, placed it in the front yard and set fire to it. He also threatened her with physical harm. He was charged with and entered a guilty plea to malicious mischief. Mrs. Carver moved to Georgia, but did not inform appellant of her whereabouts. Approximately two weeks before the fire, he discovered where she was living and telephoned her. He made obscene and abusive sexual remarks about the man with whom she was living.

At trial he was identified as the man who was seen running from Mrs. Carver's home about the time that the fire started and as the man who appeared in the evening asking questions. Fire investigators testified that the fire had been intentionally started on the bed. The evidence further showed that appellant was angry and distraught over his divorce. Each time, after a dispute with his former wife, he retaliated by burning her bed.

The trial court admitted evidence of the similar transaction to show bent of mind and the jury was instructed accordingly. We find

no error. The State proved that the accused was the perpetrator of the independent crime, and there was sufficient similarity between the independent crime and the offense charged. *Anderson v. State*, 184 Ga. App. 293, 294 (361 SE2d 270) (1987).

2. Appellant's motion for a directed verdict was properly denied. "If there is any evidence of guilt, it is for the jury to decide whether that evidence, circumstantial though it may be, is sufficient to warrant a conviction." *Castillo v. State*, 166 Ga. App. 817, 819 (305 SE2d 629) (1983).

3. Applying the test set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), we find that the evidence was sufficient to support the conviction.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED MAY 3, 1989.

*Clark & McLaughlin, Joseph M. McLaughlin*, for appellant.

*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney*, for appellee.