A91A2157. HOWARD v. THE STATE.
(415 SE2d 45)

Judge Arnold Shulman.

The appellant was convicted of burglarizing the Terry Development Company and sentenced to a term of 20 years. He has appealed to this court from the denial of his motion for a new trial. At trial, prosecution witnesses testified that the burglarized office had been entered through a window broken by the burglar and that the office

had been ransacked. Money and a bottle of whiskey had been taken from the premises. There was also testimony that the appellant had never been employed by the Terry Development Company nor even had permission to enter its building. Police personnel testified that they had obtained a palm print from a desk which matched a palm print taken from the appellant. Without objection by the appellant, the state was also permitted to introduce, for the sole purpose of showing modus operandi, evidence of similar transactions. These included previous break-ins for which the appellant had been indicted and as to which charges were then pending and a prior conviction for burglary proved by introduction of a copy of an indictment and guilty plea both stipulated by defense counsel. The state presented testimony by investigating police personnel concerning entry through broken windows, ransacked premises, and blood and fingerprints matching those of the appellant. On direct examination, the appellant first denied his involvement in the Terry Development Company burglary, denied that the palm print found there could have been his, and denied that he was ever there. He then admitted his involvement in several of the previous burglaries, even those as to which charges were then pending, and further admitted that he had been arrested for several other burglaries as to which the charges had been dismissed. On cross-examination, the appellant again denied any involvement in the Terry Development Company burglary but confirmed that during his direct testimony he had admitted in involvement in the burglaries for which charges were still pending. He also admitted his guilty plea to a prior burglary charge. The trial court charged the jury that the evidence of similar transactions could be considered only for the purpose of "determining the presence and method of operation of the accused" at the time of the offense for which the appellant was being tried. The court then reiterated that charge. However, while giving a general charge on the impeachment of witnesses, the court instructed the jury that witnesses might be impeached "by proof of the conviction . . . of an offense involving moral turpitude. . . . And in this connection I charge you that burglary is an offense involving moral turpitude."

In his only enumeration of error, the appellant contends that the trial court erred in charging the jury that it could consider the previous conviction for impeachment purposes. The appellant argues that it was reversible error so to charge on impeachment by proof of conviction because the appellant had not placed his character in issue. OCGA § 24-9-20 (b). Although the appellant testified on his own behalf, denying that he had committed the Terry Development Company burglary and admitting both his involvement in the burglaries as to which charges were then pending and his arrest for various other burglaries as to which the charges had been dismissed, he did not

thereby place his character in issue. Neither his specific denial of the crime charged nor his admission to other criminal activity, even the guilty plea, was sufficient to place his character in issue. *Lindler v. State*, 149 Ga. App. 155 (253 SE2d 833) (1979); *Smith v. State*, 141 Ga. App. 64 (2) (232 SE2d 401) (1977). "Evidence of the accused's participation in other criminal activity tended to show bad character. It did not place good character in issue. . . ." *Lindler*, supra at 155. Consequently, the appellant's prior burglary conviction, admitted by stipulation of counsel, for the purpose of establishing modus operandi, could not be considered by the jury for purposes of impeaching the appellant's testimony. OCGA § 24-9-82.

We cannot, however, agree with the appellant that the error requires reversal. In view of the overwhelming evidence of the appellant's guilt, and notwithstanding the conflicting instructions of the court, we find it "highly probable that the error did not contribute to the judgment." *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976).

*Judgment affirmed. Carley, P. J., and Beasley, J., concur.*

DECIDED JANUARY 27, 1992.

*J. Michael Mullis*, for appellant.
*Harry N. Gordon, District Attorney, Jimmie E. Baggett, Jr., Assistant District Attorney*, for appellee.